Docket No. 102232.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

SHAREE ULTSCH, Appellant, v. THE ILLINOIS MUNICIPAL
RETIREMENT FUND, Appellee.

*Opinion filed August 2, 2007.*

JUSTICE FREEMAN delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Fitzgerald, Garman, and Burke
concurred in the judgment and opinion.

Justice Kilbride dissented, with opinion, joined by Justice
Karmeier.

**OPINION**

In the circuit court of Lake County, plaintiff, Sharee Ultsch,
sought to amend her complaint for administrative review to add the
Illinois Municipal Retirement Fund Board of Trustees as a defendant,
relying on section 3–103 of the Administrative Review Law (735
ILCS 5/3–103(2) (West 2004)), as amended by Public Act 89–685
(eff. June 1, 1997). The circuit court dismissed plaintiff's complaint
based on its ruling that Public Act 89–685 was unconstitutional as
violative of the single subject clause of the Illinois Constitution (Ill.
Const. 1970, art. IV, §8(d)). This is the constitutional question
presented for review. However, we need not reach this constitutional

issue because we hold that section 3–103(2) of the Administrative Review Law did not allow plaintiff to so amend her complaint. Accordingly, we vacate the circuit court's order declaring Public Act 89–685 unconstitutional, and affirm the dismissal of plaintiff's complaint for the reasons herein stated.

## I. BACKGROUND

Plaintiff is a Lake County employee, and Lake County participates in defendant, the Illinois Municipal Retirement Fund (IMRF) (see 40 ILCS 5/7–101 *et seq*. (West 2004)). IMRF denied plaintiff's application for temporary disability benefits. Plaintiff appealed the denial to the Benefit Review Committee of the IMRF Board of Trustees. Following a hearing, the committee recommended that the full Board of Trustees deny plaintiff's application for temporary disability benefits. The Board of Trustees adopted the committee's recommendation as the final administrative decision. The Board of Trustees notified plaintiff of its decision via United States mail on April 25, 2005.

On May 25, 2005, plaintiff filed a complaint for administrative review of the denial of her claim. The complaint named IMRF as the sole defendant and a single summons was served thereon. IMRF moved to dismiss plaintiff's complaint pursuant to section 2–619(a) of the Code of Civil Procedure (735 ILCS 5/2–619(a) (West 2004)). IMRF contended that dismissal was required because plaintiff failed to name the IMRF Board of Trustees as a defendant.

Plaintiff subsequently moved for leave to amend the complaint to add the Board of Trustees as a defendant. In her motion, plaintiff claimed that section 3–103(2) of the Administrative Review Law (735 ILCS 5/3–103(2) (West 2004)) "allows a complaint in an administrative review action to be amended to add as a party defendant the board that acted on behalf of a governmental entity in effectuating the administrative action which is the basis of the claim. *Estate of Smida v. Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 551, 289 Ill. Dec. 699, 820 N.E.2d 475 (2nd Dist. 2004)."

IMRF filed an objection to plaintiff's motion for leave to amend. In a supporting memorandum, IMRF acknowledged that the appellate court in *Smida*, with one justice dissenting on denial of rehearing,

held that section 3–103(2) of the Administrative Review Law (735 ILCS 5/3–103(2) (West 2004)) allowed plaintiff to amend her complaint to name the Board of Trustees as an additional defendant. However, IMRF contended that "there is an additional issue, not decided by the *Smida* court, for this Court to consider." IMRF thereupon raised the constitutional issue that Public Act 89–685, which amended, among other statutes, section 3–103 of the Administrative Review Law, violates the single subject clause of section 8(d) of article IV of the Illinois Constitution of 1970.

The circuit court sustained IMRF's objection. In a memorandum order filed December 16, 2005, the court ruled that Public Act 89–685 was unconstitutional as violative of the single subject clause of section 8(d) of article IV of the Illinois Constitution. Consequently, the circuit court denied plaintiff's motion for leave to amend her complaint. In an order filed January 31, 2006, the circuit court, pursuant to its prior ruling, granted IMRF's motion to dismiss plaintiff's complaint for failure to add the Board of Trustees as a defendant.

Because the circuit court declared a statute of this state unconstitutional, this direct appeal followed. 134 Ill. 2d R. 302(a).

II. ANALYSIS

This court acquired jurisdiction of the present case because a constitutional question is involved. However, while the case was under advisement, we discerned a threshold issue of statutory construction that could render adjudication of the constitutional issue unnecessary.

A. Prudential Restraint

It is quite established that this court will not address constitutional issues that are unnecessary for the disposition of the case. See, *e.g.*, *In re E.H.*, 224 Ill. 2d 172, 178 (2006) (collecting cases). This policy derives from a sensitive understanding of American constitutional government. The Illinois Constitution establishes three coequal branches of government, each with its own powers and functions. Ill. Const. 1970, art. II, §1. The constitution declares that the legislative branch makes laws, and that the judicial branch decides cases. To

properly perform its constitutional function, a court must occasionally determine the constitutionally of a statute. In so doing, the court is exercising the power to decide the case before it. The determination of the constitutionality of a statute when *not* required to decide the case can impinge upon the lawmaking function of the legislature. *Indiana Wholesale Wine & Liquor Co. v. State*, 695 N.E.2d 99, 107 (Ind. 1998). The policy of prudential judicial restraint is grounded in those considerations that form the unique character of judicial review of government action for constitutionality. The policy is based on the delicacy of that function, the necessity of each branch of government keeping within its power, and the inherent limitations of the judicial process. *Indiana Wholesale Wine*, 695 N.E.2d at 107, quoting *Rescue Army v. Municipal Court of Los Angeles*, 331 U.S. 549, 571, 91 L. Ed. 1666, 1679, 67 S. Ct. 1409, 1421 (1947).

Accordingly: "If [constitutional questions] become indispensably necessary to a case, the court must meet and decide them; but if the case may be determined on other points, a just respect for the legislature requires, that the obligation of its laws should not be unnecessarily and wantonly assailed." *Ex parte Randolph*, 20 F. Cas. 242, 254 (C.C.D. Va. 1833) (Marshall, circuit judge) (quoted in *Indiana Wholesale Wine*, 695 N.E.2d at 106 n.18). Illinois courts have exercised this policy of prudential judicial restraint in cases presenting constitutional issues arising from the legislative article of the Illinois Constitution. See, *e.g.*, *Bender v. City of Chicago*, 58 Ill. 2d 284, 287 (1974); *Commissioners of Drainage District No. 5 v. Arnold*, 383 Ill. 498, 507 (1943); *Town of Cicero v. Illinois Ass'n of Firefighters, IAFF Local 717*, 338 Ill. App. 3d 364, 377-78 (2003) (declining adjudication of alleged single-subject clause violation).

In the present case, the seminal question must be whether the Administrative Review Law, as amended by Public Act 89–685, allowed plaintiff to amend her complaint for administrative review to add the Board of Trustees as a defendant. Manifestly, if the Administrative Review Law, as amended, does not allow plaintiff to amend her complaint to add the Board of Trustees as a defendant, then a nonconstitutional issue of statutory construction is presented, and the alternative constitutional issue should not be reached. See, *e.g.*, *Bismarck Hotel Co. v. Petriko*, 21 Ill. 2d 481, 485-86 (1961); *City of Aurora ex rel. Egan v. Young Men's Christian Ass'n*, 9 Ill. 2d

286, 290-91 (1956); *Fairbanks, Morse & Co. v. City of Freeport*, 5 Ill. 2d 85, 89-90 (1955). Subsequent to oral argument, we directed both parties to file supplemental briefs on this nonconstitutional issue.

### B. Statutory Construction

Plaintiff's complaint for administrative review named IMRF only and a single summons was served thereon. IMRF moved to dismiss plaintiff's complaint, pursuant to section 2–619(a) of the Code of Civil Procedure (735 ILCS 5/2–619(a) (West 2004)), because plaintiff failed to name the Board of Trustees as a defendant. The circuit court granted IMRF's motion. The purpose of a motion to dismiss under section 2–619 of the Code of Civil Procedure is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case. *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 94 (2001). An appeal from a section 2–619 dismissal is the same in nature as one following a grant of summary judgment. In both instances, the reviewing court must ascertain whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law. Review is *de novo*. *Carroll v. Paddock*, 199 Ill. 2d 16, 22 (2002); *Guzman v. C.R. Epperson Construction, Inc.*, 196 Ill. 2d 391, 397 (2001).

As earlier discussed, this case turns on the correct interpretation of several sections of the Administrative Review Law. IMRF's enabling legislation provides that "the Administrative Review Law, and all amendments and modifications thereof and the rules adopted pursuant thereto shall apply to and govern all proceedings for the judicial review of final administrative decisions of the retirement board." 40 ILCS 5/7–220 (West 2004). Although the Illinois Constitution grants an appeal as a matter of right from all final judgments of the circuit court (Ill. Const. 1970, art. VI, §6), the constitution provides that final administrative decisions are appealable only "as provided by law" (Ill. Const. 1970, art. VI, §9). Because review of a final administrative decision may be obtained only as provided by statute, a court exercises "special statutory jurisdiction" when it reviews an administrative decision. Special statutory jurisdiction is limited to the language of the statute conferring it and the court has no powers from any other source. A

-5-

party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by the statute. *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 181-82 (2006); *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29-30 (2000). The Administrative Review Law was an innovation and a departure from the common law, and the procedures established therein must be followed. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 349-50 (2006). Thus, whether dismissal of plaintiff's complaint was warranted depends on whether plaintiff strictly complied with the requirements of the Administrative Review Law.

Section 3–102 of the Administrative Review Law mandates that parties to a proceeding before an administrative agency shall be barred from obtaining judicial review of the agency's administrative decision unless review is sought "within the time and in the manner" provided by the statute. 735 ILCS 5/3–102 (West 2002). Section 3–103 mandates: "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3–103 (West 2004). Section 3–107(a) mandates that "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3–107(a) (West 2004). This requirement "is mandatory and specific, and admits of no modification." *Winston v. Zoning Board of Appeals*, 407 Ill. 588, 595 (1950). Noncompliance with the joinder provisions of the Administrative Review Law requires dismissal of the review proceeding. *Collinsville Community Unit School District*, 218 Ill. 2d at 183; *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 12 (1995).

However, Public Act 89–685 (Pub. Act 89–685, eff. June 1, 1997) amended, *inter alia*, these sections of the Administrative Review Law by adding similarly worded exceptions. The legislature added the following exception to the 35-day limitations period of section 3–103:

> "(2) *** a complaint filed within the time limit established by this Section may be amended to add an employee, agent, or member of an administrative agency,

board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action. If the director or agency head, in his or her official capacity, is a party to the administrative review, a complaint filed within the time limit established by this Section may be amended to add the administrative agency, board, committee, or government entity." 735 ILCS 5/3–103(2) (West 2004).

Similarly, Public Act 89–685 inserted this corresponding exception in section 3–107(a):

"No action for administrative review shall be dismissed *** based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section. Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed *** based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section." 735 ILCS 5/3–107(a) (West 2004).[1]

We must determine whether these exceptions to the mandatory joinder requirements of the Administrative Review Law allowed plaintiff to amend her complaint to add the Board of Trustees as a defendant.

The primary rule of statutory construction is to give effect to the intent of the legislature. The best evidence of legislative intent is the statutory language itself, which must be given its plain and ordinary

---

[1]Public Act 89–685 also inserted a corresponding exception in the summons requirement of section 3–105 (735 ILCS 5/3–105 (West 2004)).

meaning. The statute should be evaluated as a whole. Where the meaning of a statute is unclear from a reading of its language, courts may look beyond the statutory language and consider the purpose of the law, the evils it was intended to remedy, and the legislative history of the statute. *Stroger v. Regional Transportation Authority*, 201 Ill. 2d 508, 524 (2002); see *Advincula v. United Blood Services*, 176 Ill. 2d 1, 16-19 (1996).

In her supplemental brief, plaintiff contends that section 3–103(2) of the Administrative Review Law (735 ILCS 5/3–103(2) (West 2004)) allows a complaint for administrative review to be amended after the initial 35-day period to add the board of an administrative agency or public entity as a party defendant when the agency was named as a party in the initial complaint. Plaintiff relies primarily on *Estate of Smida v. Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 551 (2004).

In *Smida*, the circuit court granted IMRF's motion to dismiss the plaintiff's complaint for administrative review because the plaintiff failed to comply with section 3–107(a) of the Administrative Review Law by not naming as a defendant the Board of Trustees. *Smida*, 353 Ill. App. 3d at 552. The appellate court in *Smida* was presented with the exact issue as presented in this case: "Our inquiry is whether the Board [of Trustees], the party that plaintiff sought to add to the complaint, qualified for amendment under section 3–103(2) of the Review Law." *Smida*, 353 Ill. App. 3d at 553. IMRF argued that the statute permits the addition as a defendant of only "an employee, agent, or member of an administrative agency, board, committee, or government entity." 735 ILCS 5/3–103(2) (West 2002). IMRF argued that the Board of Trustees *was* the "administrative agency" and, therefore, could not be an employee, agent, or member of the agency. Thus, according to IMRF, the plaintiff was properly denied leave to amend the complaint.

The *Smida* majority acknowledged case law holding that "a board that renders the final decision of an administrative agency satisfies the definition of 'administrative agency' in section 3–101 of the Review Law (735 ILCS 5/3–101 (West 2002)) and therefore must be named as a defendant under section 3–107(a) of the Review Law or the complaint must be dismissed." *Smida*, 353 Ill. App. 3d at 553. However, the *Smida* majority then distinguished that rule because it

-8-

addressed who must be named as a defendant pursuant to section 3–107(a), while the issue before the *Smida* court was whether plaintiff could amend her complaint pursuant to section 3–103(2).

The court examined section 3–103(2) and discerned three conditions to qualify for amendment. First, an administrative agency, board, committee, or government entity must be a party to the action. Second, the party sought to be added must be an "employee, agent, or member of an administrative agency, board, committee, or government entity." Third, the employee, agent, or member of the administrative agency must have " 'acted in an official capacity as a party of record to the administrative proceeding.' " *Smida*, 353 Ill. App. 3d at 553-54, quoting 735 ILCS 5/3–103(2) (West 2002). The *Smida* majority considered this statutory language to be ambiguous because it was "unclear" whether it applied to the Board of Trustees. *Smida*, 353 Ill. App. 3d at 554.

The *Smida* majority then concluded that the Board of Trustees qualifies for amendment for the following reasons. In the complaint, plaintiff named a government entity, IMRF, as a party. Additionally, there was no dispute that the Board of Trustees was a party of record to the administrative proceeding. Lastly, whether the Board of Trustees was an employee, agent, or member of IMRF, the *Smida* majority concluded that the Board of Trustees was "a member of IMRF." *Smida*, 353 Ill. App. 3d at 554. The court stated that its conclusion was consistent with the legislative intent behind section 3–103(2), which requires a liberal construction. *Smida*, 353 Ill. App. 3d at 554. The *Smida* court reversed the circuit court's dismissal of the plaintiff's complaint. *Smida*, 353 Ill. App. 3d at 554-55.

Justice Gilleran Johnson dissented from the denial of rehearing. *Smida*, 353 Ill. App. 3d at 554-A, 820 N.E.2d at 480 (Gilleran Johnson, J., dissenting upon denial of rehearing). She was of the opinion that the Board of Trustees was the administrative agency that section 3–107(a) required the plaintiff to name as a defendant. Further, she believed that section 3–103(2) "was intended to allow a plaintiff to amend a complaint for administrative review to add an *individual* as an adverse party, if the *individual* was an employee, agent, or member of an agency, board, or entity, and the agency, board, or entity had been named in the original complaint." (Emphases added.) *Smida*, 353 Ill. App. 3d at 554-C, 820 N.E.2d at

480 (Gilleran Johnson, J., dissenting upon denial of rehearing). As the Board of Trustees is not an individual, the dissent concluded that the exceptions contained in sections 3–103(2) and 3–107(a) did not apply. *Smida*, 353 Ill. App. 3d at 554-D, 820 N.E.2d at 481 (Gilleran Johnson, J., dissenting upon denial of rehearing).

In its supplemental brief, IMRF contends that the *Smida* majority misconstrued section 3–103(2) of the Administrative Review Law. IMRF asserts that the above-quoted exceptions to the mandatory joinder requirements, contained in sections 3–103(2) and 3–107(a), do not apply to this case. IMRF contends that plaintiff, therefore, was required to name the Board of Trustees as a defendant, and her failure to do so required dismissal of her complaint for administrative review.

We agree with IMRF's contention. We reject the holding of the *Smida* court, upon which plaintiff relies, that the Board of Trustees is a "member" of IMRF. The reasoning that the *Smida* majority employed to reach its conclusion was flawed in at least two respects.

First, the *Smida* majority's attempt to construe section 3–103(2) of the Administrative Review Law in isolation and without reference to section 3–107(a) was erroneous. We repeat: a court determines the legislative intent in enacting a statute by examining the entire statute and by construing each material part of the legislation together, and not each part or section alone. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill 2d 304, 318-21 (1989) (construing together several sections of the Administrative Review Law).

Second, the *Smida* court erred in concluding that section 3–103(2) was ambiguous, thereby requiring the court to look beyond its statutory language. There is no rule of statutory construction that authorizes a court to declare that the legislature did not mean what the plain language of the statute says. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 320-21 (2003). We repeat that a court should first look to the statutory language as the best indication of legislative intent without resorting to other aids for construction. Where the language of a statute is plain and unambiguous, a court need not consider other interpretive aids. *Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 216-17 (1994); *DiFoggio v. Retirement Board of the County Employees Annuity & Benefit Fund*, 156 Ill. 2d 377, 382-83 (1993) (and cases cited therein).

-10-

The plain language of sections 3–103(2) and 3–107(a), considered together, clearly refutes the erroneous reasoning of the *Smida* court. A complaint for administrative review, filed within the 35-day limitations period, may be amended to add "an employee, agent, or member" of an agency, board, committee, or entity, who acted in an official capacity as a party of record in the administrative proceeding, if the entity is a party to the administrative review action. 735 ILCS 5/3–103(2) (West 2004). Correspondingly, the complaint shall not be dismissed for failure to name as a defendant the same series of *individuals*, *i.e.*, "an employee, agent, or member" of the same list of entities, who acted in "his or her" official capacity, if the entity had been named as a defendant. 735 ILCS 5/3–107(a) (West 2004). The complaint may be amended to add the entity if the director or agency head is a party to the administrative review action (735 ILCS 5/3–103(2) (West 2004)) and, further, naming the director or agency head is deemed to include the agency (735 ILCS 5/3–107(a) (West 2004)). Correspondingly, the action shall not be dismissed for failure to include as a defendant the entity where the director or agency head has been named as a defendant. 735 ILCS 5/3–107(a) (West 2004). We find no legislative intent in this statutory language to overrule the long-established requirement that a complaint for administrative review name as a defendant the administrative agency. *Cuny v. Annunzio*, 411 Ill. 613, 617 (1952); 735 ILCS 5/3–107(a) (West 2004). The only exceptions the statutory language has carved out are those specified above.

The plain meaning of these two provisions, considered together, expressly allows amending a complaint for administrative review to add an *individual* who is an employee, agent, or member of the decisionmaking agency *when the agency has been named as a defendant*. In other words, section 3–103(2) applies only to an individual who is an employee, agent, or member of the decisionmaking body that has already been named as a defendant in the complaint for administrative review. However, this case does not present that situation. IMRF was not the agency that rendered the decision in this case. The Board of Trustees is not an individual who is a "member" of IMRF.

The dissent views this reading of sections 3–103(2) and 3–107(a) as "flawed" and "unsound." Slip op. at 22 (Kilbride, J., dissenting,

-11-

joined by Karmeier, J.). The dissent construes sections 3–103(2) and 3–107(a) separately, emphasizing the possessive pronouns "his or her" in section 3–107(a), as to create a different exception in each section. The dissent views section 3–107(a) as precluding the dismissal of any administrative review action because an individual who acted in his or her official capacity was not named as a defendant, as long as the administrative agency, board, committee, or government entity has already been named. However, according to the dissent, section 3–103(2) allows administrative review plaintiffs to amend their complaints belatedly to name any type of "employee, agent, or member" who acted in an official capacity relevant to an agency, board, committee, or government entity that is already a party to the action. The dissent concludes that the plain language of sections 3–103(2) and 3–107(a) does not prevent the application of section 3–103(2) to cure plaintiff's failure to name the Board. Slip op. at 22-24 (Kilbride, J., dissenting, joined by Karmeier, J.).

By failing to read sections 3–103(2) and 3–107(a) in harmony and as a whole, the dissent errs in concluding that the legislature intended "to identify different groups in these two sections." Slip op. at 22 (Kilbride, J., dissenting, joined by Karmeier, J.). Initially, the dissent begins by quoting only to the first sentence of section 3–103(2), overlooking the second sentence, which provides: "If the director or agency head, in his or her official capacity, is a party to the administrative review, a complaint filed within the time limit established by this Section maybe amended to add the administrative agency, board, committee, or government entity." 735 ILCS 5/3–103(2) (West 2002). By this sentence the legislature plainly describes the only circumstance whereby a plaintiff may amend a complaint for administrative review to add a board. The dissent's construction of section 3–103(2), based solely on its first sentence, would render the second sentence superfluous. "[O]ne of the fundamental principles of statutory construction is to view all of the provisions of a statute as a whole. [Citation.] Words and phrases should not be construed in isolation, but interpreted in light of other relevant portions of the statute so that, if possible, no term is rendered superfluous or meaningless." *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422 (2002).

In addition, the dissent's reading of section 3–103(2) would render section 3–107(a) meaningless. Under the plain language of

section 3–107(a), the plaintiff was required to name the Board of Trustees as a defendant in her administrative review action, as the Board of Trustees issued the "final decision" subject to review. See 735 ILCS 5/3–107(a) (West 2004) ("[I]n any action to review any final decision of an administrative agency, the administrative agency *** shall be made [a] defendant[ ]"). Because the plaintiff failed to name the Board of Trustees as a defendant, her action clearly was subject to dismissal pursuant to section 3–107(a). Yet, under the dissent's interpretation of section 3–103(2), a complaint that improperly fails to name the Board of Trustees as a defendant could never be dismissed for lack of jurisdiction, because the plaintiff could amend the complaint to include the Board of Trustees as a defendant whenever it saw fit.

Further, the dissent errs in giving undue importance to the possessive pronouns "his or her" found in section 3–107(a) and the indefinite article "an" in section 3–103(2). "Rather than meander through the intricacies of the many principles of statutory construction" (*Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 185 (1992)), we simply conclude that, viewing sections 3–103(2) and 3–107(a) together, the legislature intended to establish the same corresponding exceptions to statutory filing requirements.

Although we find sections 3–103(2) and 3–107(a) unambiguous, our reading of these sections finds support in the legislative history. As earlier noted, Public Act 89–685 (House Bill 346) added section 3–103(2). When introducing the legislation, Senator Hawkinson stated:

> "[House Bill 346] allows a plaintiff in an administrative review action to obtain service on the agency if they have already served the agency head or to refile against an employee acting in his official capacity if they have already served the agency. Without this change, we're finding them–some cases are being dismissed because all necessary parties have not been named and served." 89th Ill. Gen. Assem., Senate Proceedings, May 8, 1996, at 12-13 (statements of Senator Hawkinson).

This explanation indicates the amendments to the Administrative Review Law contained in Public Act 89–685 were intended to allow a plaintiff to amend a timely filed complaint for administrative review by adding an agency if the agency head was named, or by adding an

individual if the individual was an employee of a properly named agency.

In her supplemental brief, plaintiff characterizes this conclusion as "spurious." Citing IMRF's enabling legislation, plaintiff argues that IMRF is, within the meaning of section 3–103(2), an administrative agency or governmental entity. Further, according to plaintiff, the Board of Trustees would not exist without IMRF, and the legislature created the Board of Trustees to carry out IMRF's various functions. Therefore, according to plaintiff, the Board of Trustees is a "member," or acts as an "agent," of IMRF. Consequently, since plaintiff's initial complaint named IMRF as a defendant, plaintiff argues that the Board of Trustees, as an agent or member of IMRF, can be added as a party defendant pursuant to section 3–103(2).[2] Plaintiff argues that this conclusion accords with the policy of the Code of Civil Procedure, in which the Administrative Review Law is codified, that the Code "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." 735 ILCS 5/1–106 (West 2004).

This contention completely lacks merit. Section 3–101 of the Administrative Review Law defines "administrative agency" as a person or group having the power to make administrative decisions. 735 ILCS 5/3–101 (West 2004). Several sections of IMRF's enabling legislation, codified in article VII of the Pension Code, clearly define the Board of Trustees as the "administrative agency." 40 ILCS 5/7–178, 7–200, 7–220 (West 2004). While the Board of Trustees may be an arm of IMRF, the Board of Trustees is the body that acted as the administrative agency and entered the administrative decision that is subject to administrative review. Therefore, we hold that the Board of Trustees *is* the "administrative agency" as that term is defined by the Administrative Review Law. *Cuny*, 411 Ill. at 616-17; see *Wilson v. State Employees' Retirement System*, 336 Ill. App. 3d 199, 203-05 (2002); *Veazey v. Baker*, 322 Ill. App. 3d 599, 602-03 (2001) (collecting cases). Consequently, the Board of Trustees cannot be an "employee, agent, or member" of IMRF within the meaning of

---

[2]The dissent accepts this argument. Slip op. at 18-22 (Kilbride, J., dissenting, joined by Karmeier, J.).

sections 3–103(2) and 3–107(a) of the Administrative Review Law. The statutory language, being mandatory and specific, and admitting of no modification (*Cuny*, 411 Ill. at 617), does not require any aids for construction, such as section 1–106 of the Code of Civil Procedure (735 ILCS 5/1–106 (West 2004)).

The *Smida* court summarily concluded that the language of section 3–103(2) was "unclear" and, therefore, ambiguous. *Smida*, 353 Ill. App. 3d at 554. However, a court should not attempt to read a statute other than in the manner in which it was written. In applying plain and unambiguous language, it is not necessary for a court to search for any subtle or not readily apparent intention of the legislature. *Envirite*, 158 Ill. 2d at 217; *DiFoggio*, 156 Ill. 2d at 383. The *Smida* court had to look no further than the plain language of the Administrative Review Law itself. *Estate of Smida v. Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 551 (2004), is hereby overruled.

In its supplemental brief, IMRF cites to *McGaw Medical Center of Northwestern University v. Department of Employment Security*, 369 Ill. App. 3d 37 (2006), *appeal allowed*, 223 Ill. 2d 637 (2007) (table). In *McGaw*, the plaintiff's complaint for administrative review named as defendants the Illinois Department of Employment Security (IDES) and its Director, but failed to name the IDES Board of Review. After the expiration of the 35-day limitations period, the defendants moved to dismiss the complaint based on the plaintiff's failure to name the Board as a defendant. The plaintiff moved to amend the complaint. However, the circuit court denied the plaintiff's motion for leave to amend and granted the defendants' motion to dismiss the complaint. Before the appellate court, the plaintiff contended that it should have been allowed to add the Board as a defendant pursuant to section 3–103(2), relying on *Smida*. *McGaw*, 369 Ill. App. 3d at 39-43. Expressly disagreeing with the reasoning and conclusion of the *Smida* majority, the *McGaw* court construed section 3–103(2) to not allow a plaintiff to amend a complaint for administrative review to add a "board" as a defendant.

The *McGaw* court opined that "[s]ection 3–103 conforms to section 3–107." *McGaw*, 369 Ill. App. 3d at 44. Construing sections 3–103(2) and 3–107(a) together, the *McGaw* court reasoned:

> "The statutes create exceptions to the rule that a complaint for administrative review that fails to name all necessary

-15-

parties within the 35-day limitations period must be dismissed without leave to amend. But the exceptions do not apply here. Section 3–107 makes clear that the administrative agency rendering the decision sought to be reviewed must be named as a defendant. If the administrative agency is not named, it may be joined if the agency's director or agency head was made a defendant. The administrative agency that rendered the decision in this case is the Board. As such, plaintiff was required to name the Board as a defendant or, under the exceptions created by sections 3–107 and 3–103, the Board's director or agency head. Plaintiff failed to name either." *McGaw*, 369 Ill. App. 3d at 44-45.

The *McGaw* court concluded "that plaintiff's complaint was properly dismissed, without leave to amend, for failure to comply strictly with sections 3–103 and 3–107 of the Review Law." *McGaw*, 369 Ill. App. 3d at 45-46.

In the present case, the Board of Trustees was the administrative agency that plaintiff, under section 3–107(a) of the Administrative Review Law (735 ILCS 5/3–107(a) (West 2004)), was required to name as a defendant. IMRF's motion to dismiss plaintiff's complaint for administrative review is meritorious because plaintiff failed to name the Board of Trustees as a defendant within the initial 35-day limitations period, and because sections 3–103(2) and 3–107(a) of the Administrative Review Law (735 ILCS 5/3–103(2), 3–107(a) (West 2004)) do not allow plaintiff to so amend her complaint. Although the circuit court dismissed plaintiff's complaint for a different reason, the reasons given for a judgment or order are not material if the judgment or order itself is correct. It is the judgment that is on appeal to a court of review and not what else may have been said by the lower court. The reviewing court need not accept the reasons given by the circuit court for its judgment. Rather, a reviewing court can uphold the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was correct. *Rodriguez*, 218 Ill. 2d at 357, quoting *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985) (and cases cited therein). Accordingly, we affirm the ultimate judgment of the circuit court granting IMRF's motion to dismiss plaintiff's complaint for administrative review for the reasons stated in this opinion.

-16-

"It remains the mandate of this court that constitutional issues be considered only when the case may not be decided on nonconstitutional grounds." *Mulay v. Mulay*, 225 Ill. 2d 601, 611 (2007). Our disposition of this cause obviates the need to determine the constitutionality of Public Act 89–685. See, *e.g.*, *Beahringer v. Page*, 204 Ill. 2d 363, 378 (2003); *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 399 (1994).

### III. CONCLUSION

For the foregoing reasons, the December 16, 2005, order of the circuit court of Lake County, which declared Public Act 89–685 unconstitutional, is vacated. The January 31, 2006, order of the circuit court, which granted IMRF's motion to dismiss plaintiff's complaint for administrative review, is affirmed for the reasons stated in this opinion.

*Affirmed in part and vacated in part.*

JUSTICE KILBRIDE, dissenting:

I respectfully dissent from the majority opinion because I believe section 3–103(2) of the Administrative Review Law (735 ILCS 5/3–103(2) (West 2004)) permits Ultsch to add the Board of Trustees as a defendant after the expiration of the 35-day limitations period. Thus, I believe this court should address the constitutional issue presented in this appeal.

Section 3–103(2) allows an otherwise timely complaint to be amended belatedly:

> "to add an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action ***." 735 ILCS 5/3–103(2) (West 2004).

Here, determining if this section applies requires us to consider whether: (1) IMRF is an "administrative agency, board, committee, or government entity"; (2) IMRF is "a party to the administrative

review action"; (3) the Board of Trustees is "an employee, agent, or member" of IMRF; and (4) the Board acted "in an official capacity as a party of record to the administrative proceeding." 735 ILCS 5/3–103(2) (West 2004).

The answers to the second and fourth inquiries are undisputably "yes." IMRF is a party named in the administrative review action, and the Board was a party of record when it rendered its final administrative decision in its official capacity. Thus, the only pending questions are whether IMRF is an "administrative agency, board, committee, or government entity" and whether the Board is "an employee, agent, or member" of IMRF within the meaning of the statute. To resolve these questions, the court must employ our traditional rules of statutory construction. As the majority notes (slip op. at 7-8), the goal of statutory construction is to effectuate the legislature's intent, as best revealed by the plain and ordinary meaning of the language used in the statute.

Applying this rule, the court must first consider the plain and ordinary meaning of the word "entity." The dictionary defines "entity" to mean "BEING, EXISTENCE; *esp.*: independent, separate, or self-contained existence." Webster's Third New International Dictionary 758 (1993). To determine whether IMRF meets this definition, the court looks to IMRF's legislative roots and its real-world functions.

The legislature created IMRF in section 7–101 of the Illinois Pension Code (40 ILCS 5/7–101 (West 2004)) for the stated purpose of "provid[ing] a sound and efficient system for the payment of annuities and other benefits, *** to certain officers and employees, and to their beneficiaries, of municipalities" (40 ILCS 5/7–102 (West 2004)). Its mission is "to efficiently and impartially develop, implement and administer programs that provide income protection to members and their beneficiaries on behalf of participating employers in a prudent manner." 40 ILCS 5/7–102 (West 2004). Notably, the legislature expressly granted IMRF, not the Board, statutory authority to institute litigation against participating municipalities and instrumentalities to recover delinquent contributions when other statutory measures have failed. 40 ILCS 5/7–172.1 (West 2004). Thus, the enabling legislation recognized IMRF as a separate government entity, capable of actions independent of the Board.

Indeed, the record on appeal further establishes IMRF as a separate entity. In its supplemental brief, IMRF does not argue that it is not a government entity. IMRF's court filings, including its motion to dismiss Ultsch's complaint for administrative review and related documents, were filed in its own name. IMRF has a main office, a mailing address, its own letterhead, and a staff, including the associate general counsel involved in this case. Ultsch's 1987 "Notice of Participation in IMRF" was on a form bearing only IMRF's name in the heading. In addition, Ultsch applied for disability benefits on an IMRF form stating its mailing address and the phone number of its own service representatives, with no reference to the Board. Similarly, other forms in the record noted IMRF's unique contact information. IMRF and members of its disability claims department were also expressly named in extensive correspondence with the medical experts who reviewed Ultsch's claim, but the Board was not mentioned. Similar designations appear on correspondence between IMRF and Ultsch, or her counsel. The record contains no evidence that the Board originally received or sent any of these materials.

Moreover, Ultsch's initial denial letter was from the IMRF benefits manager on IMRF letterhead. That letter stated, "*We* reviewed [Ultsch's] disability claim to determine [her] eligibility for temporary disability benefits. *Our* decision is that, based on the medical evidence in *our* file, you do not meet *IMRF's* definition of temporary disability as defined by IMRF law." (Emphases added.) The letter further explained that any appeal hearings before the Board of Trustee's Benefit Review Committee would be conducted "in the IMRF office." Nothing in the denial letter indicated that IMRF was simply acting on behalf of the Board. Similarly, the letter notifying Ultsch's employer, Lake County, of the denial of benefits was also submitted by the IMRF benefits manager rather than the Board.

Based on the documentary evidence, it is apparent that IMRF was the sole entity processing Ultsch's disability claim. Perhaps most importantly, the IMRF benefits manager, not the Board, sent the official letter notifying Ultsch that both the Benefit Review Committee's decision and the Board of Trustees' final administrative decision had upheld the denial of her claim. That letter, submitted on IMRF letterhead, also noted that the "action by the Board of Trustees constitutes its final administrative decision, and *IMRF will take no further action* regarding this disability claim." (Emphasis added.)

Notably, this wording formally recognized the termination of *IMRF's* processing of the claim. The record establishes that IMRF actually processed Ultsch's disability claim through the issuance of the final administrative decision. Accordingly, whether viewed from a functional or a statutory perspective, IMRF is a government entity separate from the Board, capable of independent action. Thus, I conclude that IMRF is a "government entity."

The majority does not address the effect that the IMRF's status as a government entity has on the application of section 3–103(2), however. Instead, it avoids the question by simply concluding that because IMRF is not the administrative "agency that rendered the decision in this case," section 3–103(2) does not apply. Slip op. at 11. The majority's analysis fails to address the critical language in section 3–103(2) that also allows the late addition of "an employee, agent, or member of *** [a] *government entity*." (Emphasis added.) 735 ILCS 5/3–103(2) (West 2004). The majority appears to recognize only the portion of the statutory exception allowing the late naming of "an employee, agent, or member of an *administrative agency*." (Emphasis added.) See 735 ILCS 5/3–101 (West 2004); slip op. at 14-15.

The majority's position excludes the possibility that the Board can fulfill dual roles, being both a decisionmaking administrative agency and "an employee, agent, or member" of another government entity, such as IMRF. See *Cuny v. Annunzio*, 411 Ill. 613, 616-17 (1952) (recognizing that the Board of Review of the Department of Labor is both an administrative agency and "a division or arm" of the Department of Labor). Thus, the majority's view improperly renders the portion of the section allowing the addition of "an employee, agent, or member *** of a government entity" mere surplusage. That result effectively eliminates a portion of section 3–103(2) and violates one of this court's cardinal rules of statutory construction. See *Fisher*, 221 Ill. 2d at 115; slip op. at 12, citing *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422 (2002). That rule mandates that each word, clause, and sentence in a statute be given a reasonable meaning whenever possible. *Advincula v. United Blood Services*, 176 Ill.2d 1, 26 (1996). Applying that rule here compels the court to conclude that IMRF is covered by section 3–103(2) and is a "government entity" within the plain meaning of that section.

Having made this determination, the court must next consider whether the Board is "an employee, agent, or member" of IMRF

within the meaning of section 3–103(2). The Board is not an "employee" of IMRF as that term is defined in the Pension Code because its members do not "[r]eceive[ ] earnings as payment for the performance of personal services or official duties out of the general fund of a municipality, or out of any special fund or funds." 40 ILCS 5/7–109 (West 2004). Indeed, section 7–175 of the Pension Code specifically precludes Board members from receiving payments for their services, stating that they "shall serve without compensation." 40 ILCS 5/7–174(g) (West 2004).

The term "agent," however, does fit the Board's role with IMRF. An "agent" is "[o]ne who is authorized to act for or in place of another; a representative." Black's Law Dictionary 68 (8th ed. 2004). See also Webster's Third New International Dictionary 40 (1993) (defining an "agent" as "one that acts for or in the place of another by authority from him: as *** a representative, emissary, or official of a government"). Among the powers and duties statutorily granted to the Board (40 ILCS 5/7–178 (West 2004)) are preparing IMRF's operating budget (40 ILCS 5/7–180 (West 2004)), compelling witnesses "to testify upon any necessary matter concerning the fund" (40 ILCS 5/7–181 (West 2004)), requesting information "as is necessary for the proper operation of the fund" (40 ILCS 5/7–183 (West 2004)), keeping permanent records of Board proceedings and other records "necessary or desirable for administration of the Fund" (40 ILCS 5/7–197 (West 2004)), and "carry[ing] on generally any other reasonable activities, including, without limitation, the making of administrative decisions on participation and coverage, which are necessary for carrying out the intent of this fund" (40 ILCS 5/7–200 (West 2004)). By performing these duties, the Board acts as a representative of IMRF, making it an agent of the fund.

Thus, adhering strictly to the plain language of the statute, the Board is an agent of IMRF, a government entity already named as a party on administrative review, that acted in its official capacity as a party of record in this administrative proceeding. That is all that is required under section 3–103(2) to allow Ultsch to amend her administrative complaint to name the Board after the expiration of the 35-day limitations period. See 735 ILCS 5/3–103(2) (West 2004).

Nonetheless, the majority attempts to support its contrary conclusion by reading section 3–103(2) with section 3–107(a) (735 ILCS 5/3–107(a) (West 2004)) and the definitions in section 3–101

(735 ILCS 5/3–101 (West 2004)). Slip op. at 11-14. The majority first correctly states that section 3–107(a) mandates that " 'the administrative agency *** shall be made [a] defendant[ ].' " Slip op. at 6, quoting 735 ILCS 5/3–107(a) (West 2004). Relying on the definitions in section 3–101 (735 ILCS 5/3–101 (West 2004)), the majority next states that the Board is "the administrative agency" that must be named because it had the power to make the administrative decision denying Ultsch benefits. Slip op. at 14. While I agree with these statements, I believe the majority's subsequent statutory construction, based on a flawed comparison of the language in section 3–103(2) and section 3–107(a), is unsound.

Section 3–107(a) precludes the dismissal for lack of jurisdiction of any administrative review action "based upon the failure to name an employee, agent, or member, who acted in *his or her* official capacity, of an administrative agency, board, committee, or government entity." (Emphasis added.) 735 ILCS 5/3–107(a) (West 2004). Section 3–103(2), meanwhile, allows the late naming of "an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in *an* official capacity." (Emphasis added.) 735 ILCS 5/3–103(2) (West 2004). Although the limiting language used in the two sections is similar, one critical difference undeniably remains.

In section 3–107(a), the legislature chose to use the words "his or her" to describe the type of "employee, agent or member" at issue; *i.e.*, "an employee, agent, or member, who acted in *his or her* official capacity," thus limiting its application to *individuals*. (Emphasis added.) 735 ILCS 5/3–107(a) (West 2004). To its credit, the majority recognizes the import of this language. Slip op. at 11 (recognizing that the term "his or her" limited the application of section 3–107(a) to individuals). Its analysis falters, however, when it carries that same restriction over to the type of "employee, agent, or member" addressed in section 3–103(2). Slip op. at 11.

A comparison of the plain language reveals the legislature's intent to identify different groups in these two sections. Unlike section 3–107(a), section 3–103(2) does *not* use the descriptive words "his or her" in its restrictive language. Instead, the scope of the exception in section 3–103(2) is limited to an "employee, agent, or member *** who acted in *an* official capacity." (Emphasis added.) 735 ILCS 5/3–103(2) (West 2004). Thus, the legislature's decision to use

different words to describe the relevant limitations requires this court to interpret those sections differently. While the "his or her" used in section 3–107(a) is properly construed to limit the covered group to individual persons, the broader, impersonal "an" of section 3–103(2) suggests no such restriction.

If the legislature intended the two sections to address the same group, it would have used identical descriptive language to signal that intent. Indeed, the legislature chose to use virtually identical language in the remaining portions of the two provisions. Compare 735 ILCS 5/3–103(2) (West 2004) (addressing "an employee, agent, or member of an administrative agency, board, committee, or government entity, ***, if the administrative agency, board, committee, or government entity is a party to the administrative review action") with 735 ILCS 5/3–107(a) (West 2004) (addressing "an employee, agent, or member, *** of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant"). The legislature's decision to use different descriptions to identify the "employee[s], agent[s], or member[s]" at issue in sections 3–103(2) and 3–107(a) signals its intent to create distinct qualifications for each group.

As repeatedly noted by the majority (slip op. at 7-8, 10, 11, 15), the plain meaning of the language adopted by the legislature is the best indicator of its intentions. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). Despite this overt acknowledgment, however, the majority strays from this principle by overlooking the obvious linguistic differences in the language used to describe the groups covered by the two sections, thereby concluding that the legislature intended that both sections be applied only to individuals. Slip op. at 11.

While the majority's interpretation unduly limits the broad reach of section 3–103(2) by ignoring the legislature's language choices, the proper statutory analysis reads section 3–103(2) and section 3–107(a) in harmony, without rendering any portion of the statutes inoperative. See *Flynn v. Industrial Comm'n*, 211 Ill. 2d 546, 555 (2004). Properly construed, the two sections address different types of situations that may arise on administrative review.

After mandating the naming of the administrative agency issuing the final administrative decision, section 3–107(a) precludes the dismissal of any administrative review action for want of jurisdiction

because an *individual* "employee, agent, or member, who acted in his or her official capacity" was not named, as long as the administrative agency, board, committee, or government entity has already been named. 735 ILCS 5/3–107(a) (West 2004). On the other hand, section 3–103(2) extends a deadline for administrative review complainants, allowing them to amend their complaints belatedly to name *any type* of "employee, agent, or member *** who acted in an official capacity" relevant to an administrative agency, board, committee, or government entity that is already a party to the action. 735 ILCS 5/3–103(2) (West 2004). Nothing in the sections states, or even implies, that the exception in section 3–103(2) cannot be used to cure the defect addressed in section 3–107(a), namely, the failure to name all appropriate parties.

The majority claims that this interpretation "overlooks" the second sentence of section 3–103(2). That sentence allows the addition of "the administrative agency, board, committee, or government entity" when "the director or agency head, in his or her official capacity, is a party to the administrative review." 735 ILCS 5/3–103(2) (West 2004); slip op. at 12. The majority concludes that the sentence "plainly describes the *only* circumstance whereby a plaintiff may amend" an administrative review complaint to add a board. (Emphasis added.) Slip op. at 12. That conclusion is flawed because it does not comport with the plain wording of the second sentence. That sentence simply provides *one* path for adding a board, *i.e.*, when its head has already been named. 735 ILCS 5/3–103(2) (West 2004). Nothing in the sentence declares, or even suggests, that this is the *sole* statutory means of adding a board. The first sentence in section 3–103(2) presents additional ways the legislature has seen fit for a plaintiff to add a board, or any other entity, falling within the strictures in that sentence.

Here, Ultsch does not seek to invoke the second sentence of section 3–103(2). In fact, that sentence is inapplicable here because Ultsch did not make the head of the Board a party. Even though it is not implicated here, however, that sentence continues to govern cases where a complaint timely names a director or agency head in his or her official capacity but fails to name the administrative agency, board, committee, or government entity. The rationale in this dissent does not render that sentence superfluous. There is no conflict

-24-

between this rationale and the continued application of the second sentence of section 3–103(2) in appropriate cases.

Yet another flaw exists in the majority's interpretation of the second sentence of section 3–103(2). The majority's conclusion that the second sentence of section 3–103(2) provides the only way for a plaintiff to add a board suffers from a fatal error already refuted in this dissent. The majority's interpretation erroneously presumes that a board cannot fulfill multiple roles within the statutory scheme. See *Cuny*, 411 Ill. at 616-17 (noting that a Board of Review may be both an administrative agency and "a division or arm" of another governmental department). Interestingly, the majority accepts this very proposition, recognizing that here "the Board of Trustees may be an arm of IMRF" as well as an administrative agency. Slip op. at 14. In this case, the Board of Trustees also serves as "an employee, agent, or member" of IMRF, a government entity, a proposition that remains uncontradicted by the majority. It is the Board's role as an agent of IMRF that brings it within the control of the first sentence of section 3–107(3) and permits Ultsch to amend her complaint to name the Board as a necessary party.

The majority argues that this interpretation of section 3–103(2) makes section 3–107(a) "meaningless" because it would preclude the dismissal for want of jurisdiction of any case where a board could be later added as a defendant. Slip op. at 12-13. This argument fails for a number of reasons. First, the sole purpose of the relevant portion of section 3–103(2), as shown by its plain language, is to allow plaintiffs to overcome their prior omissions by belatedly adding "an employee, agent, or member of an administrative agency, board, committee, or government entity" if they can fulfill all the statutory requirements. 735 ILCS 5/3–103(2) (West 2004). It is not the role of this court to contravene the clear legislative purpose as expressed by the plain language of the statute because it believes another result would be preferable. See slip op. at 10 ("There is no rule of statutory construction that authorizes a court to declare that the legislature did not mean what the plain language of the statute says"), citing *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 320-21 (2003). See also *People v. Boclair*, 202 Ill. 2d 89, 100 (2002) (noting that if the legislature's intent may be determined from the plain language of the statute, this court cannot read into the statute exceptions, limitations, or conditions in conflict with that intent).

-25-

Moreover, the majority's view of the first sentence of section 3–107(a) infers that it is intended to provide defendants with a means of dismissing plaintiffs' complaints for want of jurisdiction. Slip op. at 13 ("Because the plaintiff failed to name the Board of Trustees as a defendant, her action clearly was subject to dismissal pursuant to section 3–107(a)"). The actual purpose that portion of section 3–107(a) is simply to specify the parties that must be named as defendants. Slip op. at 13 (quoting the first sentence of section 3–107(a)). The first sentence merely requires the plaintiff to name as defendants "all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency," as well as the agency. 735 ILCS 5/3–107(a) (West 2004). Nothing in the section states or implies that the legislature intended to make it impossible for plaintiffs to overcome their initial failures to name mandatory parties.

Indeed, the remainder of section 3–107(a) provides plaintiffs with a variety of ways to avoid dismissal. The plain language of the statute does not convey the same fatalistic approach taken by the majority, making dismissals for want of jurisdiction the favored dispositions when administrative plaintiffs' original complaints mistakenly fail to include all necessary parties. Rather, the legislature's approach, as expressed in the plain words of section 3–107(a), is to present the rule specifying the necessary parties and then to provide multiple methods for plaintiffs not initially meeting that hurdle to overcome it.

The same may be said for the savings provisions in section 3–103(2), at issue in this case. Simply permitting plaintiffs to use the additional methods enacted by the legislature in section 3–103(2) to add previously unnamed parties does not mean that those savings provisions, read in full accord with their plain, uncontradicted, meaning, render section 3–107(a) superfluous. On the contrary, this interpretation upholds the clear intent of the legislature, namely, to provide plaintiffs with the means to name additional parties, and thus avoid dismissal, despite their initial failures to name all necessary defendants.

In addition, the majority's claim that the interpretation of sections 3–103(2) and 3–107(a) presented in this dissent will inevitably render section 3–107(a) superfluous erroneously presupposes that every plaintiff can satisfy the requirements of section 3–103(2). See slip op. at 13 ("Yet, under the dissent's interpretation of section 3–103(2), a

complaint that improperly fails to name the Board of Trustees as a defendant could *never* be dismissed for lack of jurisdiction, because the plaintiff could amend the complaint to include the Board of Trustees as a defendant whenever it saw fit" (emphasis added)). There is no guarantee, however, that a given plaintiff will successfully exercise the savings provision of section 3–103(2). To be successful, a plaintiff must satisfy the statutory requirements that the additional defendant be "an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action" (735 ILCS 5/3–103(2) (West 2004)). The uncertainty of successfully making this showing demonstrates the patent error of the absolutist approach taken by the majority. The complaint of any plaintiff who could not make the showing required in section 3–103(2) would still be subject to dismissal for want of jurisdiction under section 3–107(a).

Finally, although the majority emphasizes that the statute is unambiguous, thus requiring us to apply its plain words "without resorting to other aids for construction" (slip op. at 10, 15) and without making any "modification" of the "mandatory and specific" statutory language (slip op. at 6, 15), it ignores these principles not only by reading the controlling portions of section 3–103(2) out of the statute but also by relying on an outside construction aid itself. The majority cites legislative history in an attempt to bolster its flawed construction of the plain statutory language by quoting from Senator Hawkinson's brief summary introduction of the amendments. Slip op. at 13-14. Not only is this reliance sorely misplaced for the exact reasons cited by the majority (slip op. at 6, 10, 15), but the cited quotation does not even purport to outline the amendments in their entirety.

In relevant part, the cited statements specifically acknowledge only two aspects of the amendments, one allowing an agency to be served if its head has already been served and one allowing an agency employee acting in "his" official capacity to be added if the agency has already been served. 89th Ill. Gen. Assem., Senate Proceedings, May 8, 1996, at 12-13 (statements of Senator Hawkinson). The brief summary comments do not address any of the other conditions specifically set forth in the sections.

The best indicator of the true intent of the amendments is derived from the actual language enacted by the legislature. Unlike the intentionally limited scope of Senator Hawkinson's summary comments, the plain language of sections 3–103(2) and 3–107(a) expressly governs a far broader set of circumstances. It permits the addition of *any employee, agent or member*, who acted in the specified capacity, of an administrative agency, *board, committee, or government entity* that was already a defendant or a party to the administrative review action. 735 ILCS 5/3–103(2), 3–107(a) (West 2004). This language refutes the majority's conclusion that the amendments were *only* "intended to allow a plaintiff to amend *** by adding an individual if the individual was an *employee* of a properly named agency." (Emphasis added.) Slip op. at 13. This conclusion selectively acknowledges only one small portion of the legislation and fails to implement the statutory language in its entirety, improperly rendering the remainder mere surplusage. See *Fisher v. Waldrop*, 221 Ill. 2d 102, 115 (2006). Surely unambiguous statutory language cannot be ignored merely because a brief oral introduction on the Senate floor failed to incorporate a detailed description of all aspects of the legislation. See slip op. at 10, 15 (rejecting the use of outside aids to interpret an unambiguous statute and advocating the use of only the plain statutory language).

Accordingly, I would hold that section 3–103(2) applies in this case. Ultsch had a statutory right to amend her administrative review complaint to name the Board as an agent of IMRF. This court should address the constitutionality of section 3–103(2) as originally raised by the parties to this appeal because Ultsch properly seeks relief under the challenged statute. For these reasons, I respectfully dissent from the majority opinion.

JUSTICE KARMEIER joins in this dissent.