2020 IL App (2d) 181046-U
No. 2-18-1046
Order filed April 1, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court |
| ) | of Lake County. |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | No. 18-CF-1180 |
| ) | |
| ARTURO SANCHEZ, ) | Honorable |
| ) | Patricia S. Fix, |
| Defendant-Appellee. ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Zenoff and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Trial court properly dismissed two counts of indictment that did not strictly comply with applicable pleading requirements.

¶ 2    The defendant, Arturo Sanchez, was charged by indictment with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and eight counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60 (b), (c)(1)(i) (West 2016)).  The trial court dismissed the two counts of predatory criminal sexual assault of a child.  The State thereafter filed a notice of appeal and a certificate of impairment.  We affirm.

¶ 3                                      I. BACKGROUND

¶ 4　　On June 20, 2018, the State presented testimony to a grand jury alleging that the defendant had sexually assaulted the victim. Following the testimony, the grand jury charged the defendant with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40 (a)(1) (West 2016)) and eight counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60 (b), (c)(1)(i) (West 2016)). The predatory criminal sexual assault charges alleged that the assaults occurred between April 1, 2012, and July 31, 2016, when the defendant placed his hand on the victim's sex organ for the purposes of his sexual gratification.

¶ 5　　On November 19, 2018, the defendant filed a motion to dismiss the two counts of the indictment alleging that the defendant had committed predatory criminal sexual assault of a child. The motion alleged that the State had presented misleading testimony to the grand jury and that the evidence presented to the grand jury could not support the charges. Specifically, the motion alleged that the victim told authorities that the defendant only touched her sex organ over her clothes, and the victim expressly denied that the defendant ever touched it under her clothes.

¶ 6　　On November 30, 2018, the State filed a response. The State argued that there was nothing within the offense of predatory criminal sexual assault of a child that required the contact to be skin-to-skin.

¶ 7　　On December 3, 2018, the trial court conducted a hearing on the defendant's motion to dismiss. The parties stipulated that the conduct alleged concerned the defendant touching the victim through her clothing. The defendant argued that the investigating detective's testimony was therefore misleading when he testified that the victim had stated that the defendant had touched her private parts. The trial court agreed that the testimony was misleading "given the way the State chose to charge the offense." The trial court granted the motion to dismiss, noting that the defendant was charged with contact "on" the victim's vagina and not "over" her clothing.

¶ 8    On December 18, 2018, the State filed a timely notice of appeal and a certificate of impairment.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, the State raises two arguments.  The State first contends that the trial court erred in dismissing the first two counts of the indictment because the investigating detective's testimony was not misleading.  Secondly, the State argues that this court should find that skin-to-skin contact is not required in order to find guilt for the offense of predatory criminal sexual assault of a child.

¶ 11    In response, the defendant argues that we need not consider either of these arguments. Rather, the defendant contends that the trial court's decision should be affirmed because the counts alleging predatory criminal sexual assault of a child are facially defective.  The defendant points out that the relevant statute did not prohibit "contact, however slight, between the sex organ or anus of one person and the part of the body of another" until it was amended by Public Act 98-370, effective January 1, 2014.  Prior to January 1, 2014, the statute only prohibited acts of sexual penetration.  720 ILCS 5/11-1.40 (West 2012).  As such, the defendant claims that the two predatory criminal sexual assault charges that alleged he committed acts of "contact, however slight" between his hand and the victim's sex organ between April 1, 2012, and July 31, 2016, were defective because they covered a period of time when such contact was not prohibited by statute.

¶ 12    A trial court has the inherent authority to dismiss the indictment of a criminal case when there has been a denial of due process or pursuant to the reasons set forth in section 5/114-1(a) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/114-1(a) (West 2018)).  *People v. Stapinski*, 2015 IL 118278, ¶ 33.  "The due process rights of a defendant may be violated if the prosecutor deliberately or intentionally misleads the grand jury, uses known perjured or false

testimony, or presents other deceptive or inaccurate evidence." *People v. Oliver*, 368 Ill. App. 3d 690, 694 (2006). Section 114-1(a)(8) of the Code provides that an indictment may be dismissed if "the charge does not state an offense." 725 ILCS 5/114-1(a)(8) (West 2018).

¶ 13 This court reviews the trial court's ruling, not its reasoning. *Rodriguez v. Sheriff's Merit Com'n of Kane County*, 218 Ill. 2d 342, 357 (2006). In an appeal from the dismissal of charges, this court will affirm the dismissal if the record supports any reason for it, regardless of whether the trial court articulated that reason, and regardless of whether this court agrees with the reason that the trial court did articulate. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 191-92 (2007).

¶ 14 A criminal charge must set forth: the name of the offense; the statutory provision alleged to have been violated; the nature and elements of the offense charged; the date and county of the offense as definitely as can be done; and the name of the accused. 725 ILCS 5/111-3(a) (West 2018). The degree to which a court should tolerate deviance from those requirements depends on the stage of proceedings in which the defendant first challenges the charge. *People v. Pujoue*, 61 Ill. 2d. 335, 339 (1975). When an indictment or information is attacked for the first time on appeal, it is sufficient that the indictment or information "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976). In other words, the appellate court should consider whether the defect in the information or indictment prejudiced the defendant in preparing his defense. *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991). If, however, the information or indictment is attacked before trial, as in this case, the information must strictly comply with the pleading requirements of the Code. *Id.*

Our review of a trial court's ruling on a motion to dismiss charges is *de novo*. *Stapinski*, 2015 IL 118278, ¶ 35.

¶ 15     A charge that alleges conduct over a range of dates, some of which were before the relevant statute became effective, does not strictly comply with the pleading requirements of section 111-3 of the Code and therefore violates the defendant's right to due process. *People v. Wasson*, 175 Ill App. 3d 851, 854 (1988). In *Wasson*, the defendant was charged by information with aggravated criminal sexual assault based on acts he committed between January 1, 1983, and April 24, 1985. *Id*. at 853. The aggravated criminal sexual assault statute became effective July 1, 1984. *Id*. The defendant did not challenge the information in the trial court, but he argued for the first time on appeal that it was defective. *Id.* at 854. The reviewing court agreed, holding that it was "clear" that the information was defective "to the extent it charged the act occurred prior to July 1, 1984," and that it "provided an insufficient basis for the State to prosecute the defendant as charged." *Id*. The reviewing court explained that the defect deprived the defendant of due process because it forced the defendant to answer charges to which he could not be convicted. *Id*. at 855. The reviewing court thus "invalidate[d] the entire charging instrument and the resulting conviction," and remanded the cause for a new trial. *Id*. at 860. On remand, the State filed an amended information charging the defendant with aggravated indecent liberties with a child for the conduct prior to July 1, 1984, and aggravated criminal sexual assault for the conduct thereafter. *People v. Wasson*, 211 Ill. App. 3d 264, 266 (1991).

¶ 16     Here, the trial court properly dismissed charges of predatory criminal sexual assault of a child. As the defendant filed a motion to dismiss the indictment shortly after the charges were filed against him, the charges had to strictly comply with the pleading requirements set forth in section 5/114-1(a) of the Code in order to withstand the motion to dismiss. *Thingvold*, 145 Ill. 2d

at 448. The charges did not comply with this standard because they alleged that the defendant committed acts during a period (April 1, 2012 to December 31, 2013) when such conduct was not prohibited by the statute. Although this was not the reason the trial court dismissed the first two counts of the indictment, its dismissal was nonetheless proper. *Ultsch*, 226 Ill. 2d at 191-92.

¶ 17 In so ruling, we find the State's reliance upon *People v. Mescall*, 379 Ill. App. 3d 670 (2008), to be misplaced. There, the defendant did not raise an issue concerning the indictment until he had already been convicted. As set forth above, the sufficiency of the indictment is reviewed differently depending on when the defendant first challenges it. See *Thingvold*, 145 Ill. 2d at 448. Here, as the defendant challenged the sufficiency of the indictment shortly after the it was filed, the analysis in *Mescall* is not helpful.

¶ 18 Based on our ruling, we need not address the two issues that the State raises. Generally, Illinois courts do not (1) address moot questions, (2) render advisory opinions, or (3) consider issues for which the court's decision will not affect the result no matter what the court decides. *In re Alfred H.H.*, 233 Ill.2d 345, 351 (2009). Here, the State essentially asks us to render two advisory opinions. The first issue—whether the prosecutor's questions of the investigating detective and the detective's answers to those questions were misleading—requires us to speculate that the prosecutor will ask the same questions on remand. That we will not do. See *People v. Jamison*, 2018 IL App (1st) 160409, ¶ 47 (courts are not to engage in speculation). The second issue—whether predatory criminal sexual assault of a child requires skin-to-skin contact—is an issue that the trial court did not even consider. The State's argument essentially asks us to answer a certified question that the trial court did not certify. That is not an appropriate argument for us to entertain. See *Giangiulio v. Ingalls Memorial Hospital*, 365 Ill. App. 3d 823, 829 (2006) (court should not expand its review to answer unasked certified questions).

¶ 19                              III. CONCLUSION

¶ 20    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 21    Affirmed.