Filed 12/26/07          NO. 4-07-0240

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| DAN R. SMITH, d/b/a DAN R. SMITH BUILDING SERVICES, | ) ) | Appeal from Circuit Court of |
| Plaintiff-Appellant, | ) | Clark County |
| v. | ) | No. 05LM49 |
| CORY W. BOGARD and ANGELA M. BOGARD, | ) | |
| Defendants-Appellees. | ) ) ) ) | Honorable Brian O'Brien, Judge Presiding. |

PRESIDING JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Dan R. Smith, doing business as Dan R. Smith Building Services (Smith), performed construction work for defendants, Cory W. Bogard and Angela M. Bogard (the Bogards), as part of a remodeling project on the Bogards' home. After the project was complete, Smith sued the Bogards for the unpaid balance on the work he had performed. The Bogards filed a motion to dismiss, claiming Smith was precluded from recovery because he had violated various provisions of the Home Repair and Remodeling Act (Act) (815 ILCS 513/1 through 999 (West 2004)). The trial court agreed with the Bogards and dismissed Smith's complaint.

Smith appeals, claiming the trial court erred in dismissing his complaint because (1) the Act does not apply to him as a subcontractor, and (2) even if the Act does apply to him, and his violations of the provisions of the Act preclude his recovery under contract theories, he is still entitled to recover the amount due under the equitable theories of unjust enrichment and/or quantum meruit.

For the following reasons, we find the trial court did not err in granting the Bogards' motion to dismiss because, under the facts of this case, the Act does apply to Smith and his violations of the Act preclude his recovery of any unpaid balance for the work he had performed under both contract and equitable theories. We affirm.

## I. BACKGROUND

In September 2003, Smith met with the Bogards to discuss the construction of a 26' x 20' living-room addition to the Bogards' home in Casey, Illinois. According to the Bogards, Smith gave them an oral estimate of "$20,000 or less" as a cost for labor and materials for completion of the job. Smith began construction in October 2003 and completed the project in February 2004 at a total cost of $25,515.85. Smith acknowledged that the Bogards had previously paid him $15,000, leaving a balance due of $10,515.85. The Bogards have refused to pay the balance Smith claims due because they say Smith abandoned the project. On October 14, 2005, Smith filed a complaint against the Bogards for a breach of contract seeking $10,515.85 plus interest.

On November 6, 2006, Smith filed an amended complaint, adding two additional counts--one for unjust enrichment and one for quantum meruit. On November 27, 2006, the Bogards filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2004)) on the grounds that Smith's claim was barred by an affirmative matter that avoids the legal effect of or defeats his claim. The Bogards claimed Smith violated the Act by not securing a written contract prior to initiating construction and by failing to provide them with the consumer-rights pamphlet. They claim these violations preclude Smith's

recovery.

On January 19, 2007, the trial court conducted a hearing on the Bogards' motion to dismiss. After considering the arguments of counsel, the court granted the motion in its entirety, finding that because Smith had failed to comply with the Act, he was precluded from recovery on count I–the breach-of-contract claim. The court further found that because Smith was unable to recover under an action at law, he was precluded from recovery under any equitable theory as well because such a recovery would "defeat[] the entire purpose of the [Home Repair] [A]ct and the public policy behind it." Thus, the court also dismissed counts II and III. The court entered a written judgment on February 16, 2007. This appeal followed.

## II. ANALYSIS

Smith appeals the trial court's order granting the Bogards' motion to dismiss, claiming that (1) a disputed issue of whether the Act applies to him remains, and (2) even if the Act does apply to him, he is not precluded from recovery under the theories of unjust enrichment and/or quantum meruit. We review the trial court's order granting the Bogards' motion to dismiss according to the following standard.

"The purpose of a motion to dismiss under section 2-619 of the Code of Civil Procedure is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case. [Citation.] An appeal from a section 2-619 dismissal is the same in nature as one following a grant of summary judgment. In both instances, the reviewing court

- 3 -

must ascertain whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law. Review is de novo." Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 178, 874 N.E.2d 1, 7 (2007).

First, Smith argues that the nature of his business relationship with the Bogards is a disputed question of fact and precludes the early dismissal of his complaint. In particular, he claims the Act does not apply to him because he acted as the Bogards' subcontractor. We find the nature of the relationship between the Bogards and Smith, in relation to the remodeling project, is not a disputed fact that precludes dismissal of Smith's complaint. In sum, we find the Act applies to Smith.

The Act went into effect on January 1, 2000. See 815 ILCS 513/999 (West 2004). Its purpose was to improve communications between consumers and persons engaged in the business of home repairs or remodeling in order to "increase consumer confidence, reduce the likelihood of disputes, and promote fair and honest practices in that business in this State." 815 ILCS 513/5 (West 2004). As a means of achieving this goal, the legislature enacted section 15, which provides that "a person engaged in the business of home repair or remodeling" shall provide a written contract or work order to the consumer prior to initiating any work over $1,000. The contract or work order must set forth the total cost of the project. 815 ILCS 513/15 (West 2004). The Act also provides that it is unlawful for any person engaged in the business of home repairs and

remodeling to begin a project without first obtaining a signed contract or work order. 815 ILCS 513/30 (West 2004). The person performing the construction services must also provide the customer with a copy of the pamphlet: "Home Repair: Know Your Consumer Rights" prior to the execution of any contract. 815 ILCS 513/20 (West 2004).

In this case, the following facts are undisputed: (1) the total cost of the Bogards' project exceeded $1,000, (2) Smith failed to provide a written contract or work order prior to initiating work on the project, and (3) Smith failed to give the Bogards the consumer-rights pamphlet. The question is whether these failures (which constitute violations of the Act) serve to defeat his claim for remuneration.

There are only two Illinois appellate opinions interpreting the Act: Central Illinois Electrical Services, L.L.C. v. Slepian, 358 Ill. App. 3d 545, 831 N.E.2d 1169 (2005) (Third District), and MD Electrical Contractors, Inc. v. Abrams, 369 Ill. App. 3d 309, 859 N.E.2d 1070 (2006) (Second District), appeal allowed, 223 Ill. 2d 636, 865 N.E.2d 969 (2007) (No. 104000). We will refer to each case using the name of the respective defendant for ease, clarity, and brevity.

In Slepian, the plaintiff, Central Illinois Electrical Services (CIES), entered into an oral contract with the homeowners to provide electrical work as part of a remodeling project. The Slepians refused to pay the last installment claimed due for the work performed. CIES sued to foreclose a mechanic's lien on their property and, in addition, alleged claims for unjust enrichment and quantum meruit. In defending the suit, the Slepians alleged that CIES had violated the Act by failing to provide a written contract. After a bench trial, the trial court found in CIES's favor with respect to the

mechanic's lien, dismissed CIES's additional counts as moot, and denied all of the Slepians' claims. Slepian, 358 Ill. App. 3d at 547-48, 831 N.E.2d at 1170-71.

On appeal, the Slepians argued that the clear language of the Act precluded CIES from recovering the claimed amount due when it had failed to provide a written contract. CIES argued that because another electrical contractor was initially hired to do the work, CIES was not required by the Act to provide a written contract as it did not "initiate" the remodeling work. Slepian, 358 Ill. App. 3d at 548-49, 831 N.E.2d at 1172.

Relying on the well-established principles of statutory construction, the Third District rejected CIES's claim and found that the plain and ordinary language of section 15 of the Act "clearly and unambiguously requires anyone engaged in the business of home repair and remodeling to obtain a signed contract before initiating work that will exceed $1,000 in cost." Slepian, 358 Ill. App. 3d at 550, 831 N.E.2d at 1173. The court held that the provisions of the Act applied to CIES as a successor electrical contractor. The court reversed the trial court's judgment and remanded the case with directions for the trial court to proceed in accordance with the Act. Slepian, 358 Ill. App. 3d at 550, 831 N.E.2d at 1173.

In Abrams, the electrical subcontractor, MD Electrical Contractors, Inc. (MD), sued the homeowner in quantum meruit to recover the costs of electrical work performed as part of a home- improvement project. The Abrams moved to dismiss the complaint, claiming MD had violated the Act by failing to provide a written contract and a consumer-rights pamphlet. The trial court granted the Abrams' motion. MD appealed

- 6 -

the court's dismissal, claiming the Act did not apply because MD acted as a subcontractor, not a general contractor, and, even if the Act did apply, the Act did not preclude recovery under quantum meruit. Abrams, 369 Ill. App. 3d at 309-10, 859 N.E.2d at 1071.

The Second District agreed with MD's first contention on appeal--that the Act did not apply to MD as a subcontractor. Abrams, 369 Ill. App. 3d at 310, 859 N.E.2d at 1071. Because the Abrams had signed a contract for the remodeling project with a general contractor, the court held that the Act did not require that each subcontractor, in turn, comply with the requirements of the Act. Abrams, 369 Ill. App. 3d at 311, 859 N.E.2d at 1072-73. The court held that "[a]side from the contrary indicia of legislative intent that plaintiff has identified, there are further signs that the Act was meant to apply only to general contractors." Abrams, 369 Ill. App. 3d at 313, 859 N.E.2d at 1074. The court found that certain phrases within the Act appeared to "refer to the project as a whole, not the particular task of a subcontractor." Abrams, 369 Ill. App. 3d at 314, 859 N.E.2d at 1074.

Considering these cases as the general framework for interpretation of the provisions of the Act, we now turn to Smith's claims on appeal. He first argues that the trial court's dismissal of his complaint was premature as a disputed question of fact remains. He claims the nature of his relationship with the Bogards in terms of the remodeling project remains disputed. Relying on Abrams, Smith claims that because he acted as a subcontractor in performing the work on the Bogards' remodeling project, he was not obligated to comply with the various provisions of the Act.

After considering the pleadings and affidavits on file, we must determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 735 (1993). "The suggestion that an issue of material fact exists, without supporting evidence, is insufficient to create one." People ex rel. Department of Professional Regulation v. Manos, 326 Ill. App. 3d 698, 704, 761 N.E.2d 208, 213 (2001).

The record before us does not support Smith's contention that he acted as a subcontractor in the Bogards' remodeling project. Unlike the electrical subcontractor in Abrams, Smith performed a variety of general construction duties. The Bogards did not employ a general contractor and did not employ Smith for only specific and limited duties. Instead, the facts before us indicate that Smith communicated directly with the Bogards with regard to the planning, construction, and finishing phases of the project.

Unlike the court in Abrams, we need not decide the general issue of whether the provisions of the Act apply similarly to subcontractors as general contractors because under the specific facts of this case, Smith was "a person engaged in the business of home repair" within the meaning of the Act. 815 ILCS 513/15 (West 2004). As such, the Act applies to Smith. His role in the remodeling project and the nature of his relationship with the Bogards dictate that he is obligated to comply with the Act. He cannot claim otherwise simply by calling himself a "subcontractor." We find the Act applies to Smith, that Smith violated several provisions of the Act, and those violations

- 8 -

support the dismissal of his breach-of-contract claim.

In the alternative, Smith claims that even if the Act applies and his conduct violated the Act, he is still entitled to recover from the Bogards under equitable theories. Smith claims the trial court erred in dismissing his claims for unjust enrichment and quantum meruit on the grounds that recovery under those equitable theories would run contrary to public policy and the purpose of the Act. We agree with the trial court.

Because Smith is obligated to comply with the provisions of the Act, and because he failed to do so, he is precluded from recovering any amounts he claims due for work performed. Allowing a contractor a method of recovery when he has breached certain provisions of the Act would run afoul of the legislature's intent of protecting consumers, would reward deceptive practices, and would be violative of public policy. See American Home Assurance Co. v. Golomb, 239 Ill. App. 3d 37, 41, 606 N.E.2d 793, 796 (1992) (when a contract is void, the courts will assist neither party but will leave them where they have placed themselves); see also Townsend v. Fassbinder, 372 Ill. App. 3d 890, 902, 866 N.E.2d 631, 643 (2007) ("the doctrine of 'unclean hands' precludes a party from taking advantage of his own wrong").

Based on the record before us, we conclude the trial court did not err in granting the Bogards' motion to dismiss because we find that an affirmative matter (Smith's violation of the Act) defeated Smith's claims for recovery.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

- 9 -

Affirmed.

McCULLOUGH and STEIGMANN, JJ., concur.