NOTICE
Decision filed 03/09/06. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-04-0191

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| CARLTON JONES, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) St. Clair County. |
| | ) |
| v. | ) No. 03-MR-236 |
| | ) |
| CAHOKIA UNIT SCHOOL DISTRICT NO. | ) |
| 187, THE ILLINOIS STATE BOARD OF | ) |
| EDUCATION, and ANGELA MURPHY, | ) Honorable |
| | ) Scott Mansfield, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

This is an action for the administrative review of a decision of the Illinois State Board of Education, which affirmed the decision of Cahokia Unit School District No. 187 terminating for cause the employment of a tenured teacher, Carlton Jones (the plaintiff). The circuit court of St. Clair County dismissed the administrative review action because the plaintiff had failed to name as defendants, and timely serve, the Illinois State Board of Education and its hearing officer, Angela Murphy.

The plaintiff appeals the dismissal of his action. Because this case presents only a question of law, we review the circuit court's decision *de novo*. See *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29 (2000). For reasons that follow, we affirm the dismissal of the administrative review action.

The Illinois School Code provides that if a local school district seeks to terminate the employment of a tenured teacher for cause, as in the case at bar, it must first serve the teacher with written notice of the charges on which the termination is based, and it also provides that

1

if the teacher requests a hearing, one must be afforded. 105 ILCS 5/24-12 (West 2004). The Illinois State Board of Education (State Board) is charged with hearing and determining all controversies arising under the School Code (105 ILCS 5/1-1 *et seq.* (West 2004)). 105 ILCS 5/2-3.8 (West 2004). Accordingly, if a discharged teacher requests a hearing, the local school district must notify the State Board, which must provide a list of impartial hearing officers, from which the teacher and the district must choose one. 105 ILCS 5/24-12 (West 2004). The hearing officer shall hold a hearing and render a final decision. 105 ILCS 5/24-12 (West 2004). The decision of the hearing officer is final unless review is sought pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2004)). 105 ILCS 5/24-12, 24-16 (West 2004).

The Administrative Review Law (the Law) provides that every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. 735 ILCS 5/3-103 (West 2004). The Law specifically prescribes who shall be made defendants:

"[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3-107(a) (West 2004).

It is particularly important that the administrative agency which rendered the final administrative decision be named and served as a defendant, because it is this agency which must file an answer consisting of a record of the proceedings before it (735 ILCS 5/3-106 (West 2004)). Other defendants are not required to appear, but they may file a written appearance if they desire. 735 ILCS 5/3-106 (West 2004).

There is no question that the plaintiff failed to name the State Board and its hearing

2

officer as defendants in his original complaint for administrative review. It is also undisputed that the plaintiff failed to serve the State Board and its hearing officer within 35 days as required by statute (735 ILCS 5/3-103 (West 2004)). Accordingly, the circuit court dismissed the plaintiff's complaint.

The plaintiff first argues on appeal that he was not required to name the State Board and its hearing officer as defendants because no statute requires that joinder. The plaintiff argues that no statute specifically states that the State Board or its hearing officer must be named as the administrative agency or as a party of record in an administrative review action.

The plain language of section 3-107(a) of the Law requires that the administrative agency which rendered the decision sought to be reviewed must be named and served as a defendant in any action for administrative review:

"[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3-107(a) (West 2004).

This statute clearly expresses that the administrative agency which rendered the decision sought to be reviewed must be named a defendant and that also all persons who were parties of record to the proceedings before that administrative agency must be named as defendants. We think the plain language of this section also makes clear that the terms "administrative agency" and "parties of record" are not coterminous. Accordingly, both the administrative agency that rendered the decision sought to be reviewed and the parties of record to the proceedings before that administrative agency must be named as defendants in an administrative review action.

The plaintiff also argues on appeal that he should have been permitted to amend his complaint to add the administrative agency and its hearing officer as defendants pursuant to

3

the second paragraph of section 3-107(a) of the Law, which provides as follows:

"If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required ***, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant." 735 ILCS 5/3-107(a) (West 2004).

The plaintiff argues that neither the State Board nor its hearing officer was explicitly named as a party of record in the final order of the administrative agency. He further argues that this paragraph of section 3-107(a) is not discretionary but is mandatory and that the trial court must grant leave to amend to add a party of record who was not named as such in the final administrative decision.

The State Board is not a party of record; it is the administrative agency. Section 3-107(a) of the Law allows for an amendment only to add a *party of record* who was not named as such in the final administrative decision; it does not allow for an amendment to add the *administrative agency* that rendered the final decision. Section 3-107(a) of the Law requires that the administrative agency *and* all persons who were parties of record before the agency be made defendants. It allows for an amendment only to add as defendants persons who were *parties of record* before the agency but were not named as such in the final administrative decision. It does not allow for an amendment to add as a defendant the administrative agency that rendered the final decision and from which the appeal is taken. See *County of Cook v. Illinois Labor Relations Board Local Panel*, 347 Ill. App. 3d 538, 555 (2004); *Vogue Tyre & Rubber Co. v. Office of the State Fire Marshal*, 354 Ill. App. 3d 20 (2004).

The plaintiff failed to name and serve as a defendant the administrative agency from

4

which the appeal is taken. This is fatal to the plaintiff's administrative review action. Accordingly, we find it unnecessary to discuss in further detail the impact of the plaintiff's failure to name and serve the hearing officer as a defendant.

The cases relied upon by the plaintiff in support of his argument on this issue (*Fragakis v. Police & Fire Comm'n of the Village of Schiller Park*, 303 Ill. App. 3d 141 (1999); *Villa Retirement Apartments, Inc. v. Property Tax Appeal Board*, 302 Ill. App. 3d 745 (1999); *United Methodist Village Retirement Communities, Inc. v. Property Tax Appeal Board*, 321 Ill. App. 3d 456 (2001)) are inapposite because they do not involve the failure to name as a defendant the administrative body that rendered the administrative decision. Instead, those cases involve the failure to name a party of record, the initial decision maker–the equivalent of the local school district in the case at bar. In those cases, the plaintiffs were given leave to amend to add a defendant because the omitted party of record had not been explicitly named as such in the final administrative decision.

The Law provides, "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding *** shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2004). Because the plaintiff failed to comply with the provisions of the Law, the circuit court properly dismissed his complaint for administrative review.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.


Affirmed.


GOLDENHERSH and HOPKINS, JJ., concur.

5

NO. 5-04-0191

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| CARLTON JONES, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) St. Clair County. |
| | ) |
| v. | ) No. 03-MR-236 |
| | ) |
| CAHOKIA UNIT SCHOOL DISTRICT NO. | ) |
| 187, THE ILLINOIS STATE BOARD OF | ) |
| EDUCATION, and ANGELA MURPHY, | ) Honorable |
| | ) Scott Mansfield, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

**Opinion Filed**: March 9, 2006

_____

| | |
|---|---|
| **Justices**: | Honorable Thomas M. Welch, J. |
| | Honorable Richard P. Goldenhersh, J., with |
| | Honorable Terrence J. Hopkins, J., |
| | Concur |

_____

| | |
|---|---|
| **Attorney for Appellant** | Chris Kolker, Kolker Law Offices, P.C., 9423 W. Main Street, Belleville, IL 62223 |

_____

| | |
|---|---|
| **Attorneys for Appellees** | Robert E. Becker, Thomas R. Ysursa, Becker, Paulson, Hoerner, & Thompson, P.C., 5111 West Main Street, Belleville, IL 62226 (for Cahokia Unit School District No. 187) |
| | Lisa Madigan, Attorney General, State of Illinois, Gary Feinerman, Solicitor General, Karen J. Dimond, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601 (for The Illinois State Board of Education and Angela Murphy) |

_____