# Illinois Official Reports

## Appellate Court

---

*Mannheim School District No. 83 v. Teachers' Retirement System*,
**2015 IL App (4th) 140531**

---

| | |
|---|---|
| Appellate Court Caption | MANNHEIM SCHOOL DISTRICT NO. 83, Plaintiff-Appellant, v. TEACHERS' RETIREMENT SYSTEM OF ILLINOIS, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-14-0531 |
| Filed | April 8, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 13-MR-795; the Hon. John Madonia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Allen Wall (argued), of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellant.<br><br>Ralph H. Loewenstein (argued), of Loewenstein, Hagen & Smith, P.C., of Springfield, for appellee. |

JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Harris and Steigmann concurred in the judgment and opinion.


**OPINION**

¶ 1          Plaintiff, Mannheim School District No. 83 (Mannheim), appeals the circuit court's order dismissing with prejudice its complaint for administrative review filed against defendant, Teachers' Retirement System of Illinois (TRS). The court dismissed the complaint because plaintiff failed to sue and serve the correct defendant in compliance with the applicable section of the Administrative Review Law (735 ILCS 5/3-107(a) (West 2012)). We affirm.

¶ 2                                 I. BACKGROUND

¶ 3          On September 13, 2013, plaintiff filed a complaint for administrative review, seeking the circuit court's review of the August 15, 2013, decision of the Board of Trustees of the Teachers' Retirement Systems (Board). Although the substantive content of the administrative decision is not at issue, suffice it to say the Board found plaintiff was required to contribute to two of its administrators' retirement pay due to employment contract addendums.

¶ 4          Plaintiff served defendant by forwarding the complaint and summons via certified mail to the executive director of the TRS. Defendant filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)), claiming the circuit court lacked subject matter jurisdiction because plaintiff (1) was not the proper party to bring the lawsuit, (2) sued the wrong defendant, and (3) did not issue a summons within 35 days of the administrative decision as required by section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2012)).

¶ 5          In the motion to dismiss and accompanying memorandum in support, defendant first claimed the Board is the proper party to be named as defendant, as it was the Board, not the TRS itself, that made the underlying administrative decision. Second, defendant claimed plaintiff was "incorrectly named" as well, as the complaint should have been brought by the Board of Education of Mannheim School District No. 83, not the district itself. Finally, defendant claimed plaintiff failed to have the summons issued within 35 days after the administrative decision was mailed on August 16, 2013. The summons was not issued until September 30, 2013, 45 days after mailing.

¶ 6          In response to the motion to dismiss, plaintiff claimed the issue of naming the incorrect parties was addressed in a 2008 amendment to section 3-107 of the Administrative Review Law (735 ILCS 5/3-107 (West 2012)) in response to the supreme court's decision in *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 191 (2007) (administrative review case dismissed for failure to name the proper defendant). In 2008, Public Act 95-831 (eff. Aug. 14, 2008) was enacted and amended section 3-111(a)(4) of the Administrative Review Law to authorize the circuit court to correct misnomers or join agencies or parties. 735 ILCS 5/3-111(a)(4) (West 2012). Plaintiff claimed if the amendment itself did not save the lawsuit

from dismissal, public policy should govern and allow plaintiff the opportunity to amend. Further, plaintiff argued the delay in issuing the summons did not lie with plaintiff.

¶ 7 On February 25, 2014, after a hearing on defendant's motion to dismiss, the circuit court entered a memorandum of opinion, granting defendant's motion with prejudice. The court found "the amendments made *** do not cover the specific circumstances in this case, and the language of the amended statute does not qualify the plaintiff to add or join necessary parties." Noting the precise language of the amendment did not save plaintiff's complaint, the court stated:

"Specifically, section 3-107(a) still requires the plaintiff to name, as defendants, either the administrative agency that made the final decision at issue in the case, **or** the director or agency head, in his or her official capacity. If a plaintiff names just the administrative agency, but fails to name all persons who were parties of record to the decision, then the amended language of the statute would allow for the plaintiff to name and serve the additional necessary parties within a renewed 35 day time limit. Conversely, if plaintiff names just the director or agency head, in his or her official capacity, as defendants in a complaint for administrative review, and fails to name the administrative agency, board, committee, or government entity, then the plaintiff would again have the right to name the administrative agency as an additional defendant and provide for service within the 35 day limit. This is how the court reads 735 ILCS 5/3-107(a) [(West 2012)].

In the instant case, plaintiff did not name any defendant in its complaint that would have allowed for naming additional parties under the strict language of section 3-107(a). In this case, the plaintiff named the Teachers' Retirement System, Illinois as the only defendant. The Illinois Teachers' Retirement System is simply the name of the pension system at issue in the underlying administrative decision. Clearly, the Illinois Teachers Retirement System is not the administrative agency responsible for the final decision, nor does this court consider it to be a board, committee, or government entity, such that by naming it as a defendant, plaintiff should be granted 35 additional days to name additional parties, such as employees, agents, or members, in their official capacities, and have them properly served. Equally as clearly, the Illinois Teachers' Retirement System is not a director or agency head, such that, by naming it as defendant, plaintiff should be given 35 additional days to name the Board of Trustees of the Teachers' Retirement System as an additional defendant in this case. Therefore, based upon the unambiguous language of 735 ILCS 5/3-107 [(West 2012)], and the specific facts of this case as they relate to the named defendant in plaintiff's complaint for administrative review, this court lacks jurisdiction to hear the complaint and respondent's motion to dismiss shall be granted with prejudice.

This decision necessarily requires the court to reject plaintiff's additional contention that Illinois public policy indicates that adding parties in the instant case should be allowed. This court finds that position to be without sufficient merit to justify plaintiff's request. The case of *Ultsch*[ ] is controlling in this case, and based upon the previously stated position of the court, the facts of this case do not trigger the legislature's reaction to the supreme court's decision in the *Ultsch* case as seen by the legislature's amendments to relevant statutes in the Administrative Review Act. Time limits for bringing these type of actions are set forth in 735 ILCS 5/3-103 [(West

2012)], and such limits would be circumvented, if not eliminated, by allowing for the adding of parties and serving of summons outside of the exceptions addressed earlier in this opinion as contained in the amended language of 735 ILCS 5/3-107(a) [(West 2012)]." (Emphasis in original.)

The court found plaintiff's request of the circuit clerk to issue a summons at the time it filed its complaint was sufficient to constitute a good-faith effort to comply with the statutory requirements regarding service of summons. The court denied plaintiff's motion to reconsider.

¶ 8    This appeal followed.

¶ 9                                    II. ANALYSIS
¶ 10                              A. Standard of Review
¶ 11    Plaintiff appeals from an order granting defendant's motion for involuntary dismissal pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)). This court conducts a *de novo* review of a section 2-619 dismissal order. *Illinois Ass'n of Realtors v. Stermer*, 2014 IL App (4th) 130079, ¶ 16. Further, resolving this particular issue requires us to construe a section of the Administrative Review Law, and issues of statutory construction are likewise reviewed *de novo*. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 12.

> "When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature. [Citation.] The best indication of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. [Citation.] It is improper for a court to depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. [Citation.] Words and phrases should not be viewed in isolation, but should be considered in light of other relevant provisions of the statute. [Citation.] Further, each word, clause and sentence of a statute must be given a reasonable construction, if possible, and should not be rendered superfluous. [Citation.] This court presumes that the legislature did not intend absurdity, inconvenience, or injustice. [Citation.] Where statutory language is clear and unambiguous, it will be given effect without resort to other aids of construction. [Citation.] However, where the meaning of an enactment is unclear from the statutory language itself, the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy. [Citation.]" *Bettis*, 2014 IL 117050, ¶ 13.

¶ 12    As mentioned, the statute we must interpret is part of the Administrative Review Law, which consists of sections 3-101 to 3-113 of the Code of Civil Procedure (735 ILCS 5/3-101 to 3-113 (West 2012)). Circuit courts may exercise jurisdiction over administrative review cases only as the statute dictates. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 34 (if statutory procedures are not followed, the circuit court has no jurisdiction). That is, a court has subject matter jurisdiction of a case only if it is conferred by the constitution or by statute. Article VI, section 9, of the 1970 Constitution provides: "Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, § 9. Our supreme court has held that when a court exercises special statutory jurisdiction, as in administrative review, such jurisdiction is limited to the language of the statute conferring it. The court has no powers from any other source. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985). If the statute conferring jurisdiction is not

strictly complied with, no jurisdiction is conferred on the circuit court. *Fredman Brothers*, 109 Ill. 2d at 210. Further, section 3-102 of the Administrative Review Law specifically provides that, unless review is sought of an administrative decision within the time and in the manner provided therein, the parties to the proceeding before the administrative agency shall be barred from obtaining a judicial review. 735 ILCS 5/3-102 (West 2012).

¶ 13                               B. Administrative Review Law

¶ 14      Plaintiff's argument rests on the interpretation of section 3-107(a) of the Administrative Review Law, which provides as follows:

> "Except as provided in subsection (b) or (c) [(referring to zoning proceedings)], in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants. ***
>
> No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, *where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section.* Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, *where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section.*
>
> If, during the course of a review action, the court determines that an agency or a party of record to the administrative proceedings was not made a defendant *as required by the preceding paragraph*, then the court shall grant the plaintiff 35 days from the date of the determination in which to name and serve the unnamed agency or party as a defendant. The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." (Emphases added.) 735 ILCS 5/3-107(a) (West 2012).

¶ 15                               C. Amendment to Statute

¶ 16      In this case, plaintiff named TRS as a defendant but did not name the Board. The Board is the administrative agency which rendered the decision plaintiff sought to challenge, not TRS itself. Therefore, plaintiff failed to name the necessary defendant in its review action.

¶ 17      Plaintiff acknowledges it named the wrong defendant but insists it should be allowed to amend the lawsuit to name and serve the Board. Plaintiff relies upon Public Act 95-831, which amended provisions of the Administrative Review Law and presumably was passed in response to the supreme court's decision in *Ultsch*. In *Ultsch*, a case factually similar to the case *sub judice*, the supreme court determined the Administrative Review Law did not allow the plaintiff to amend its complaint when it had named the Illinois Municipal Retirement Fund instead of the board of trustees. *Ultsch*, 226 Ill. 2d at 191. The court held the board of trustees was the administrative agency "that plaintiff, under section 3-107(a) of the Administrative

Review Law (735 ILCS 5/3-107(a) (West 2004)), was required to name as a defendant." *Ultsch*, 226 Ill. 2d at 191.

¶ 18    Presumably in response to *Ultsch*, the Senate introduced Senate Bill 2111 for the purpose of amending sections 3-103, 3-105, 3-107, 3-111, and 3-113 of the Administrative Review Law (735 ILCS 5/3-103, 3-105, 3-107, 3-111, 3-113 (West 2006)). The proposed amendments, among other changes, (1) defined the circumstances under which a plaintiff may amend the complaint to include parties not previously named (735 ILCS 5/3-107(a) (West 2006)) and (2) afforded the circuit court the power to correct misnomers and join appropriate parties (735 ILCS 5/3-111, 3-113 (West 2006)). To support its claim, plaintiff relies on the following House debates, where the House sponsor states the following:

> "Thank you, Mr. Speaker. Senate Bill 2111 deals with administrative... the review of administrative law decisions and it makes it easier to correct technical mistakes when naming the parties in the ... in that review ... judicial review. And there have been a lot of cases that have been thrown out simply because somebody misnamed a defendant. For example, one of the more recent ones was whether the defendant used the name the Illinois ... I'm sorry, the plaintiff named the Illinois Municipal Retirement Fund and the case was thrown out because the true party that should have been named was the Board of Trustees of the Illinois Municipal Retirement Fund. So we're trying to make it ... make it more fair for people that are involved in these types of proceedings." 95th Ill. Gen. Assem., House Proceedings, May 20, 2008, at 71-72 (statements of Representative Nekritz).

¶ 19    Plaintiff insists these comments demonstrate the legislature's intent to remedy the seemingly harsh ramifications of *Ultsch*. According to plaintiff, it is clear the legislature intended to "prevent future litigants from losing a review of the merits of an adverse administrative decision due to a technical pleading deficiency."

¶ 20    Public Act 95-831 amended at section 3-107(a) states as follows:

> "If, during the course of a review action, the court determines that <u>an agency or</u> a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, ~~and only if that party was not named by the administrative agency in its final order as a party of record~~, then the court shall grant the plaintiff 35 ~~21~~ days from the date of the determination in which to name and serve the unnamed <u>agency or</u> party as a defendant. The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." Pub. Act 95-831, § 5 (eff. Aug. 14, 2008).

¶ 21                    D. Effect of Amendments on Plaintiff's Issue

¶ 22    Plaintiff insists this amended language allows the circuit court to grant the plaintiff 35 days to name and serve the previously unnamed agency. We disagree with plaintiff's interpretation of the statute. The strict language of section 3-107(a) does not allow plaintiff to amend its complaint under the circumstances presented here. As the circuit court noted, the statute outlines only two specific instances when a plaintiff may be allowed to amend: (1) the individual employee, agent, or member who acted in his or her official capacity can be added when the plaintiff has named the administrative agency, board, committee, or government entity "as provided in this section"; or (2) the administrative agency, board, committee, or

government entity can be added when the plaintiff has named the director or agency head, in his or her official capacity, "as provided in this section." In other words, the circuit court may not dismiss the action for lack of jurisdiction if plaintiff names either the agency or the individual representative of the agency.

¶ 23 The "as provided in this section" language refers to the first sentence of section 3-107(a), which states: "[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3-107(a) (West 2012). The parties of record in the administrative proceedings in this case were plaintiff and the Board, as represented by the Claims Hearing Committee, consisting of three individual board members. Plaintiff did not name any of these parties, but instead named TRS, the agency, as the only defendant. However, the agency was not a party to the administrative proceedings. It is the Board that makes final administrative decisions subject to judicial review (40 ILCS 5/16-200 (West 2012)) and is the proper party "[t]o sue and be sued" (40 ILCS 5/16-171 (West 2012)).

¶ 24 Because TRS was neither a "party of record" nor an "unnamed agency," plaintiff cannot rely on the amendments provided by Public Act 95-831. This public act did not alter the paragraph within section 3-107(a) that is ultimately fatal to plaintiff's claim. In other words, the amendments to the particular sections of the Administrative Review Law did not remedy the situation presented in *Ultsch*. And that situation is likewise presented here.

¶ 25 Despite plaintiff's claim to the contrary, the amendments to section 3-111(a)(4) do not save plaintiff either. Public Act 95-831 changed this section as follows: "(a) The Circuit Court has power: *** (4) to dismiss parties, to correct misnomers, or to realign parties, or to join agencies or parties plaintiffs and defendants[.]" Pub. Act 95-831, § 5 (eff. Aug. 14, 2008). This section cannot be read in isolation. Rather, it must be read in conjunction with the provisions of section 3-107(a) that allow the addition of parties when either of those two specific conditions is met. See 735 ILCS 5/3-107(a) (West 2012) (the action will not be dismissed for failure to name individuals if the agency or board was named, or dismissed for failure to name the agency or board if the individuals were named). "[A] court determines the legislative intent in enacting a statute by examining the entire statute and by construing each material part of the legislation together, and not each part or section alone." *Ultsch*, 226 Ill. 2d at 184. The court does not have unbridled discretion to correct misnomers or join agencies or parties as plaintiff would have us believe. The court's discretion must be confined by the parameters of the appropriate parties as specified in section 3-107(a).

¶ 26 E. Summary

¶ 27 Judicial review of a final administrative decision is confined to the Administrative Review Law and the specific procedures prescribed within. "A party seeking to invoke a court's special statutory jurisdiction [of administrative review] must strictly comply with the procedures prescribed by the statute." *Ultsch*, 226 Ill. 2d at 178. The supreme court found the "joinder provisions" of section 3-107(a) of the Administrative Review Law must be specifically and strictly followed, and noncompliance requires dismissal. *Ultsch*, 226 Ill. 2d at 179. The issue presented in *Ultsch* remains, even after the legislature amended the statute in 2008. That is, the Administrative Review Law still does not allow a complaint to be amended after the initial 35-day period to add the board that rendered the final decision as a party defendant when the

agency, which was not a party to the administrative proceedings below, was named as a party in the initial complaint.

¶ 28 TRS was not the agency that rendered the final decision in this case. The Board rendered the final decision and is the entity, according to its enabling legislation, that is intended "to sue and be sued," not TRS. The various sections of the Administrative Review Law do not contemplate allowing an amendment to the complaint after the initial 35-day period to include the agency that rendered the final decision as a defendant when an individual member of that agency was not named. See *Jones v. Cahokia Unit School District No. 187*, 363 Ill. App. 3d 939, 943 (2006). In fact, it is imperative that the administrative agency which rendered the final administrative decision be named as a defendant, as it is that agency which must file an answer consisting of a record of the proceedings before it. See 735 ILCS 5/3-106 (West 2012). As the supreme court concluded in *Ultsch*, the Board is the "administrative agency" as that term is defined by the Administrative Review Law. *Ultsch*, 226 Ill. 2d at 189; see also 735 ILCS 5/3-101 (West 2012) (" 'Administrative agency' means a person, body of persons, group, officer, board, bureau, commission or department (other than a court or judge) of the State, or of any political subdivision of the State or municipal corporation in the State, having power under law to make administrative decisions."). It is the Board that must be named as a defendant in plaintiff's administrative review complaint. Plaintiff failed to name the Board as a defendant and, therefore, the circuit court properly dismissed the complaint with prejudice.

¶ 29                                    III. CONCLUSION
¶ 30 For the reasons stated, we affirm the circuit court's judgment.

¶ 31 Affirmed.