# Illinois Official Reports

## Appellate Court

---

### *Grady v. Illinois Department of Healthcare & Family Services*,
### 2016 IL App (1st) 152402

---

| | |
|---|---|
| Appellate Court Caption | LAURETTA GRADY, Plaintiff-Appellant, v. THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES and JULIE HAMOS, Director, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-15-2402 |
| Filed | November 2, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-20233; the Hon. Mary L. Mikva, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Legal Assistance Foundation, of Chicago (Miriam Hallbauer, of counsel), for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff Lauretta Grady appeals from the dismissal with prejudice of her complaint seeking judicial review of an administrative decision nominally rendered by the Illinois Department of Human Services (DHS) regarding her eligibility for a Medicaid program. In her complaint, plaintiff named the Illinois Department of Healthcare and Family Services (DHFS) and its director, Julie Hamos, as defendants but not DHS or that agency's head. On appeal, plaintiff contends that the trial court erred in dismissing her complaint for failure to name required parties, arguing that DHFS has the statutory authority to determine questions of Medicaid eligibility and consequently was the proper defendant. Alternatively, she contends that if she failed to name the proper parties she was entitled to amend her complaint to correct the error, pursuant to subsection 3-107(a) of the Administrative Review Law (735 ILCS 5/3-107(a) (West 2014)). For the reasons that follow, we find plaintiff failed to name the proper defendant in her complaint but was entitled to amend her complaint. We reverse and remand.

¶ 2                                    BACKGROUND

¶ 3     Plaintiff participates in the Home Services Plan, a program intended to prevent unnecessary institutionalization of individuals, pursuant to the Traumatic Brain Injury Medicaid Waiver Program. As part of the plan, participants take part in regular reassessments to determine their continued eligibility and needs. Following a reassessment in June 2014, plaintiff was assigned a plan that granted her 155 hours of medical services per month.

¶ 4     Subsequently, plaintiff filed an administrative appeal of the plan, seeking additional hours for an assistant to aid with certain therapies prescribed by her doctor. An administrative hearing was held before an officer of DHS, and the officer recommended a new service plan with marginally increased hours. The caption atop the officer's written decision stated "STATE OF ILLINOIS DEPARTMENT OF HUMAN SERVICES," and the decision's first paragraph indicated that the officer was a hearing officer for "the Department of Human Services *** Bureau of Hearings." The officer later noted that "the Department of Human Services has jurisdiction" over the administrative appeal. The decision's final page was signed by Michelle R.B. Saddler, the secretary of DHS at the time, and indicated that Saddler was adopting the findings and recommendations of the hearing officer. The decision was sent to plaintiff with a cover letter, signed by Saddler and indicating that the "Illinois Department of Human Services reviewed" her appeal.

¶ 5     Alleging that the increased hours were still insufficient, plaintiff appealed the administrative decision in a complaint filed in the Cook County circuit court on December 18, 2014. The complaint did not name DHS or Saddler as defendants; instead, it named DHFS and its then-director, Hamos. Defendants moved to dismiss the complaint without leave to amend, arguing that DHS was a necessary party because it had issued the decision to be reviewed. Plaintiff responded that DHFS was the agency responsible under the law for rendering the decision to be reviewed and thus was the correct party. She also argued alternatively that the court was required to grant her 35 days to serve the correct defendant and that any mistake should be excused as a "good faith" error.

¶ 6     Before the trial court made its ruling on the motion to dismiss, the Appellate Court, Fourth District, rendered its decision in *Mannheim School District No. 83 v. Teachers' Retirement*

*System*, 2015 IL App (4th) 140531, holding that subsection 3-107(a) of the Administrative Review Law does not require leave to amend a complaint "to include the agency that rendered the final decision as a defendant when an individual member of that agency was not named." *Id.* ¶ 28. Defendants were granted leave to cite *Mannheim* as additional authority, and plaintiff responded that the case was wrongly decided. In a written order, the trial court granted the State's motion to dismiss, stating that plaintiff's failure to name DHS was fatal to her claim. The court also denied plaintiff leave to amend, explaining that although it agreed that *Mannheim* was wrongly decided, it was bound by the Fourth District's holding.

¶ 7                                                    ANALYSIS

¶ 8        Plaintiff first contends that defendants were properly named in her suit because the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2014)) requires the agency "having power under the law to make administrative decisions" to be named as defendant. Citing *Gillmore v. Illinois Department of Human Services*, 218 Ill. 2d 302 (2006), she argues that "power under the law" refers solely to power under the relevant statute and that DHFS has the statutory authority to determine Medicaid eligibility. Defendants respond that the Administrative Review Law requires that the agency that actually issued a ruling be named as defendant. They argue that it is clear from the record that DHS issued the determination in question and thus DHS should have been named as defendant.

¶ 9        Where the circuit court has granted a motion to dismiss filed pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2014)), as occurred in this case, our review is *de novo*. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 349 (2006). Plaintiff raises matters of statutory interpretation, which are similarly reviewed *de novo*. *Skaperdas v. Country Casualty Insurance Co.*, 2015 IL 117021, ¶ 15.

¶ 10        When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent through giving the statutory language its plain and ordinary meaning. *People v. Lloyd*, 2013 IL 113510, ¶ 25. If the language is clear and unambiguous, a court may not deviate from that language by inferring exceptions or conditions that the General Assembly did not set forth. *Wilkins v. Williams*, 2013 IL 114310, ¶ 22. However, statutory interpretation "cannot always be reduced to 'the mechanical application of the dictionary definitions of the individual words and phrases involved.' " *People v. Wood*, 379 Ill. App. 3d 705, 708-09 (2008) (quoting *Whelan v. County Officers' Electoral Board*, 256 Ill. App. 3d 555, 558 (1994)). A court should not read language in an excessively literal fashion such that it produces an absurd construction. See *id.* at 709.

¶ 11        The Administrative Review Law governs all proceedings in which a party seeks judicial review of an administrative eligibility decision under article V of the Illinois Public Aid Code (305 ILCS 5/5-1 (West 2014)). *Gillmore*, 218 Ill. 2d at 314; see also 305 ILCS 5/11-8.7 (West 2014). Subsection 3-107(a) of the Administrative Review Law requires that "in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3-107(a) (West 2014).

¶ 12        Section 3-101 of the Administrative Review Law sets forth the applicable definitions. 735 ILCS 5/3-101 (West 2014). "Administrative agency" is defined as "a person, body of persons, group, officer, board, bureau, commission or department (other than a court or judge) of the State, or of any political subdivision of the State or municipal corporation in the State, having

power under law to make administrative decisions." *Id.* The Administrative Review Law defines an "administrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." *Id.*

¶ 13 The Administrative Review Law clearly requires that when an individual seeks review of an administrative agency decision, that agency must be named as a defendant. The only natural reading of subsection 3-107(a) indicates that the phrase "the administrative agency" that is the subject of the subsection's requirement refers to the same entity as the phrase "an administrative agency," which occurs in the prepositional phrase immediately preceding it. See 305 ILCS 5/11-8.7 (West 2014). We must therefore conclude that "the administrative agency" required by statute to be named a defendant is the agency that issued the challenged decision. We note that a contrary conclusion could lead to the highly impractical result of an agency being required to defend a decision which it took no part in making.

¶ 14 It is clear from the record that the decision plaintiff seeks to review was issued by DHS and not DHFS. The proceedings were held before a DHS hearing officer, and the decision itself clearly designated DHS as the issuing body. The decision was sent to plaintiff along with a letter indicating that her case had been reviewed by DHS. There is nothing in the record that suggests that DHFS took any part in the challenged decision. Accordingly, DHS was required to be named as defendant.

¶ 15 Plaintiff argues that the Administrative Review Law defines an administrative agency as an entity "having power under the law to make administrative decisions" and therefore the administrative agency referred to in subsection 3-107(a) must be an agency having power under the law to make the challenged administrative decisions. She then discusses at length the legislative history of DHFS in arguing that the agency has the power under the law to issue Medicaid eligibility decisions. In so arguing, plaintiff relies on our supreme court's opinion in *Gillmore*.

¶ 16 In *Gillmore*, the plaintiff sought review of a DHS decision finding her eligible for Medicaid benefits but imposing a penalty based upon a rule promulgated by the Illinois Department of Public Aid (DPA), the state Medicaid agency at the time. *Gillmore*, 218 Ill. 2d at 304-06. The decision was signed by the DHS secretary and the DPA director and included a cover letter stating that it was the decision of DHS and DPA. *Id.* at 310. Before addressing the merits of plaintiff's appeal, the supreme court briefly addressed DHS's contention that the case must be dismissed because plaintiff had not served a copy of the complaint on DPA. *Id.* at 313-15. The supreme court reviewed the Illinois Public Aid Code (305 ILCS 5/12-1 *et seq.* (West 2002)) applicable at the time and held that DHS had the power under the law to determine eligibility issues. *Gillmore*, 218 Ill. 2d at 313-15. The court explained that where two agencies share the power to render an administrative decision, both must be made defendants in a suit for judicial review. *Id.* at 314. However, noting that only DHS "had the power to decide" plaintiff's Medicaid eligibility, the court ruled that DPA had only endorsed DHS's decision pursuant to federal regulations and was therefore not a required party. *Id.* at 314-15.

¶ 17 We find *Gillmore* distinguishable from the current case. In that case, the plaintiff had named only one of two agencies indicated on an administrative decision, and thus our supreme court considered which of the two agencies was responsible for the decision that both had

clearly approved. In this case, there is no question of which agency rendered the challenged decision, and therefore the analysis used by the supreme court in *Gillmore* is inapposite. Accordingly we need not consider which agency ultimately had the statutory power to address plaintiff's eligibility.[1]

¶ 18    Plaintiff also argues that her case should not have been dismissed because DHS was acting as an agent of DHFS based upon an interagency delegation of power. See 735 ILCS 5/3-107(a) (West 2014) ("No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an *** agent ***, where the administrative agency *** has been named as a defendant ***."). However, this agency argument was not raised before the trial court and is therefore forfeited. See *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15 ("Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal.").

¶ 19    Plaintiff contends alternatively that the trial court erred in denying her request for leave to amend her complaint and add DHS as a defendant, arguing that the language of subsection 3-107(a) of the Administrative Review Law clearly mandates that plaintiff be allowed to amend her complaint to add unnamed parties. Acknowledging that this argument is contrary to the Fourth District's recent opinion in *Mannheim*, plaintiff argues that this court should reject the opinion as wrongly decided. The State responds that *Mannheim* was correctly decided and that the complaint could only be amended to add an agency defendant if the head of that agency was originally named as a defendant.

¶ 20    Subsection 3-107(a) is comprised of three paragraphs. The first, previously discussed, sets forth the parties that must be made defendants in an action for judicial review of an administrative decision, as well as the method of service required. 735 ILCS 5/3-107(a) (West 2014). The second paragraph states:

> "No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section. Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section." *Id.*

Finally, the third paragraph, at issue in the case at bar, indicates:

> "If, during the course of a review action, the court determines that an agency or a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, then the court shall grant the plaintiff 35 days from the date of the determination in which to name and serve the unnamed agency or party as a

---

[1]We note, as the trial court did below, that if plaintiff truly sought to challenge defendants' ability to render a decision as to her eligibility, she could have named DHS as defendant and challenged the decision as void. See, *e.g.*, *Crittenden v. Cook County Comm'n of Human Rights*, 2013 IL 114876.

defendant. The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." *Id.*

¶ 21 The Appellate Court, Fourth District, recently considered subsection 3-107(a)'s third paragraph in *Mannheim* under facts similar to the case at bar. In that case, the plaintiff sought judicial review of a decision by the Board of Trustees of the Teachers' Retirement System of Illinois but failed to name the agency or its head as defendant. *Mannheim*, 2015 IL App (4th) 140531, ¶ 3. The trial court dismissed the complaint and denied the plaintiff's motion to amend it to include the proper defendants. *Id.* ¶ 7. The Fourth District held that the plaintiff was not entitled to amend its complaint, finding that the "strict language" of subsection 3-107(a) specifies that a plaintiff is only allowed to amend in the circumstances laid out in the subsection's second paragraph: "(1) the individual employee, agent, or member who acted in his or her official capacity can be added when the plaintiff has named the administrative agency, board, committee, or government entity 'as provided in this section'; or (2) the administrative agency, board, committee, or government entity can be added when the plaintiff has named the director or agency head, in his or her official capacity, 'as provided in this section.' " *Id.* ¶ 22 (quoting 735 ILCS 5/3-107(a) (West 2012)).

¶ 22 Plaintiff did not name DHS or its secretary as defendant in her complaint; thus under the reasoning of *Mannheim*, she would not be entitled to add either entity as a defendant. However, we decline to follow *Mannheim* for the following reasons.

¶ 23 First, it is clear that the Fourth District found that the reference to "the preceding paragraph" in subsection 3-107(a)'s third paragraph was intended to direct the reader to the subsection's second paragraph because the court limited the subsection's mandate to allow amendment to the circumstances described in that paragraph. Although we acknowledge that the court's understanding of the phrase is a plausible reading of the statute, we do not agree that it is the best or most natural reading. In statutory interpretation, a reviewing court must view each phrase or part of the legislation in the context of the statute as a whole. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 184 (2007). The phrase "the preceding paragraph" by itself could be read to mean the immediately preceding paragraph; however, the statute indicates that the preceding paragraph in question requires that "an agency or a party of record to the administrative proceedings" be made a defendant. 735 ILCS 5/3-107(a) (West 2014). Of the two paragraphs that precede this language, only the subsection's first paragraph details which parties are required to be named defendant. *Id.* By contrast, the second paragraph sets forth no requirements but indicates two situations in which unnamed parties cannot be the basis for a dismissal and therefore are not required to be named. See *id.* Thus, we find that the legislature intended "the preceding paragraph" to refer to the subsection's initial paragraph, despite it not being immediately prior. Consequently, the third paragraph's mandate to allow amendments is not limited to the circumstances described in the second paragraph, as the Fourth District held.

¶ 24 This reading of "the preceding paragraph" is supported by an examination of the legislative history of the statute. In 1995, subsection 3-107(a) consisted of only two paragraphs, with the first paragraph being substantially similar to the current first paragraph's description of required parties and the second paragraph being substantially similar to the current third paragraph. 735 ILCS 5/3-107(a) (West 1996). In 1996, the legislature amended the subsection's first paragraph, adding the language that currently constitutes the subsection's second paragraph; however, the subsection remained as two paragraphs. See 735 ILCS

5/3-107(a) (West 1998). Thus, prior to 2008, the phrase "the preceding paragraph" clearly referred to the statute's first paragraph explaining the required parties. However, in 2008, the legislature amended the statute again, adding two sentences regarding service to the first paragraph and reformatting the subsection into its current three paragraphs. See 735 ILCS 5/3-107(a) (West 2010). This reformatting resulted in the phrase "the preceding paragraph" being distanced from its original referent, but there is no indication that this stylistic restructuring was intended to substantively alter the phrase's meaning.

¶ 25 Moreover, we note that appellate courts are not permitted to interpret statutory language in a manner that renders any part of the statute "redundant" or "superfluous." *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 29. If the phrase "the preceding paragraph" is read to limit the ability to amend to the situations found in the second paragraph, then the third paragraph is rendered superfluous. The second paragraph of the subsection states that naming the head of an administrative agency as a defendant "shall be deemed to include as defendant the administrative agency." 735 ILCS 5/3-107(a) (West 2014). Additionally the second paragraph states that a case cannot be dismissed under either of the circumstances listed. *Id.* Accordingly, it would be unnecessary to add a party already "deemed" to be included or to amend the complaint in circumstances that cannot lead to a dismissal. If the third paragraph is limited by the second paragraph, as the *Mannheim* court found, then a plaintiff is only permitted to amend the complaint in situations where amendment would be unnecessary. Such a reading would impermissibly render the paragraph superfluous.

¶ 26 Subsection 3-107(a) mandates that if a court determines that a plaintiff has failed to name an agency or party of record as a defendant "then the court shall grant the plaintiff 35 days from the date of the determination in which to name and serve the unnamed agency or party as a defendant." *Id.* As we find this mandate is not limited to the circumstances included in the subsection's second paragraph, plaintiff was entitled to amend her complaint within 35 days from the date the trial court determined that DHS was a required party. We therefore reverse the judgment of the circuit court dismissing plaintiff's complaint with prejudice and remand the case to the circuit court to allow plaintiff 35 days to amend her complaint to name the required defendants and serve them.

¶ 27                                                    CONCLUSION
¶ 28 For the foregoing reasons, we find that plaintiff failed to name the correct parties as defendants in her complaint under the Administrative Review Law but was entitled to the opportunity to amend her complaint to name the proper parties pursuant to subsection 3-107(a). 735 ILCS 5/3-107(a) (West 2014). Accordingly, we reverse the judgment of the circuit court of Cook County and remand the case to allow plaintiff to amend her complaint.

¶ 29 Reversed and remanded with directions.